CHARLES W. BRACKETT,

*vs.*

GEORGE M. GILMORE.

A purchaser of land at a delinquent tax sale does not acquire by his purchase, before the expiration of the time for redemption, any estate or interest in the land as against the owner, but has only a lien thereon for the repayment of his money, and the statutory interest or penalty.

In an action brought under *Ch.* 75, *Sec.* 1 *Gen. Stat.* the answer denied that defendant claimed any estate or interest in, or lien on the property' except as the holder af a certificate of purchase thereof at a sale for de. linquent taxes, on the first of June, 1868, which were claimed to be a lien on the land. *Held,* that this amounted to a disclaimer.

This action was brought by the plaintiff in the district court for Rice county, who claimed to be in possession of certain real estate in that county, against the defendant as one claiming "an estate or interest therein, adverse to him, for the purpose of determining such adverse claim, estate or interest."

---

---

The cause was tried before a referee, who found for the defendant, and judgment was entered for the dismissal of the action, and for costs against the plaintiff. The plaintiff appeals from such judgment to this court. The case is fully stated in the opinion of the court.

BACHELDER & BUCKHAM, for Appellant.

I.—The conclusion of law found by the referee, that the plaintiff's cause must be dismissed because the defence set up by the defendant could not be sustained, was a most absurd error, contrary to all rules of law and practice.

1st. When the plaintiff had proved possession he had established his case, and if the trial had stopped there, the plaintiff would have been entitled to judgment with costs. *Rev. Stat.*, 538, *Sec.* 1.

2d. If the defendant had disclaimed unconditionally any interest or estate in the property, or had failed to answer, then the plaintiff would have been entitled to judgment, but without costs. *Id. Sec.* 2

3d. But if he defends, and puts the plaintiff to the expense of a trial and fails in his defence, he must pay costs, whether his defence is one which can be litigated or not.

II.—Under the statute, one who holds a certificate of sale of land for taxes, holds the title in fee, subject only to the right of redemption or defeasance, and after two years, without any act on his part, the title becomes a fee indefeasable.

He acquires both an estate and an interest at the purchase. The certificate is a cloud on the title, and the owner has three years from the sale to commence his action to determine his claim. *Rev. Stat.* 189, *Sec.* 154; 5 *Minn.*, 100, 4 *Kernan*, 9; *Rev. Stat.*, 183, *Sec.* 119 *to* 155, *and page* 172, *Sec.* 65; *Dickinson vs. Kenney*, 5 *Minn.*. 414, is ex-

Brackett v. Gilmore.

actly in point; *Dean vs. City of Madison*, 9 *Wis.*, 402, *and cases there cited ; Wis. Dig.*, 708, *Secs.* 2 *and* 3; 13 *Wis.*, 245; 5 *Abb. Dig.*, 165, *Sec.* 110; *Bidwell vs. Webb*, 10 *Minn.*, 59, cited by referee, does not apply; *Blackwell on Tax Titles*, 298 to 302 (2d. *Ed.*); *Id.* 389.

1st.   The lien of the state for taxes attaches August 1st, of each year.   *Rev. Stat.*, 182, *Sec* 115.

By the sale the whole title passes to the purchaser, like any sale provided by statute.

If the property should perish, or become valueless, the purchaser's investment would be lost.

The exchanging the certificate of sale for a tax deed, two years after the sale, conveys no further title.   *Dickinson vs. Kenney*, 5 *Minn.* 414.

2d.   The terms "sale," "purchase," and "redemption," used all through the tax law, unmistakably imply the conveying an *estate* and interest in the land sold.

GORDON E. COLE for Respondent.

I.—The plaintiff has mistaken his remedy.   The action whether based upon statute or upon principles of equity existing independent of statute is clearly an equitable one, and is an action to remove a cloud from the plaintiff's title. *Van Santvoord's Eq. Prac.*, 25; *Steele vs. Fish*, 2 *Minn.*, 134; *State vs. Bachelder*, 5 *Minn.*, 238-9.

For the purpose of reviewing or setting aside street assessments no equitable action ever lies unless the proceedings actually cast a cloud upon the title; but this can never be where the proceedings are void upon their face, as they are in the case at bar, if void at all.

It is not until the execution of a tax deed which operates as *prima facie* evidence of title that extrinsic evidence is

necessary to avoid the proceedings. *Scribner vs. Allen*, 12 *Minn.*, 148; *Ewing vs. City of St. Louis*, 5 *Wallace*, 413; *Mayor of Brooklyn vs Meserole*, 26 *Wend.*, 131; *Van Dorn vs. Mayor of New York*, 9 *Paige*, 387; *Heywood vs. City of Buffalo*, 4 *Kernan*, 534; *Scott vs. Underdonk*, 4 *Kernan*, 1.

II.—*a.* If, as the appellant's counsel seems to suppose, these principles could be evaded by treating the action as brought under *Sec. 1 of Chap. 75, Gen. Stat.*, he could obtain no relief, as the purchaser acquires no estate or interest in land sold at a tax sale until the expiration of the tax deed. *Secs.* 133, 137, 138, 139, 140, 149, 151, *Chap.* 11, *Gen. Stat.; Blackwell on Tax Titles*, 384 *to* 389; *Bidwell vs. Webb*, 10 *Minn.*, 59.

*b.* The case of *Dickinson vs. Kenney*, 5 *Minn.*, 414, cited by appellant, was decided upon the peculiar phraseology of the statute regulating execution sales, viz: "*If the debtor or owner redeem at any time before the time for redemption shall expire, the sale is terminated and he is restored to his estate.*" *Sec.* 116, *p.* 573, *Comp. Stat. of* 1858, and has no analogy to the case at bar. Compare *Sec.* 132, *Chap.* 11, *Gen. Stat.*

"Such certificate shall be evidence of redemption."

"Sec. 133. Such receipt shall operate as an extinguishment of *all rights either in law or equity* conferred in any way or manner by said sale."

Sec. 137. At the *expiration of two years from the date of forfeiture*, every tract forfeited and not redeemed *becomes the absolute property of the state.*

Sec. 139. *At any time after the expiration of the period of redemption* if the lands are not redeemed the auditor shall execute a deed of conveyance.

Sec. 145. The *deed so made* shall vest in the grantee a

good and valid title both in law and equity, and shall be received in all courts as *prima facie* evidence of a good and valid title in such grantee, his heirs and assigns.

Sec. 142.   Upon the sale of any land for taxes the lien of the State is transferred to the purchaser.

Sec. 151.   The purchaser *shall from the day of the purchase* be taken as the assignee of the State and the taxes shall be a *lien on the land* and the same shall be paid before the purchaser is *evicted*, provided *that a tax deed* is in all cases, *prima facie* evidence of a legal and valid title."

*c* The plaintiff urges that if we had disclaimed unconditionally or had failed to answer, he would have been entitled to judgment without costs.

Unfortunately for him we have done neither, but have set up facts which in connection with the complaint and statement of facts show not an estate in the land but a lien upon it, a large portion of which, if not all, would in a proper action be made, a charge upon the land, and payment enforced before a recovery could be had.

Our position is best illustrated by the language of the court in *Scott vs. Underdonk*, 1 *Kernan* 13; "The evil would be much greater if every person who could show that what he claimed to be his rights was questioned by some other person, could call such person into court, and compel him to disclaim or to litigate the matter in advance." "Courts have commonly occupation enough in determining controversies which have become practical without spending time in hearing discussions respecting such as are merely speculatiev or potential." (It is not averred in the complaint or claimed that a tax deed is threatened or is about to be issued, nor that the proceedings are not all of record : on the other hand it is admitted that they are of record.)

Hence plaintiff in possession has an ample defence if his

possession is sought to be disturbed, or, if he is impatient for a determination, an ample remedy by common law *certiorari*. *Scribner vs. Allen*, 12 *Minn.* 148. *Ewing vs. City of Saint Louis*, 5 *Wallace* 418.

*By the Court*—RIPLEY, CH. J.—This action is brought under *ch. 75, sec. 1, of the General Statutes*, by the plaintiff as the owner, and in possession by his tenants, of lots 4 and 5, block 58, in the town of Faribault, to determine an alleged estate and interest in, and lien of the defendant, upon the premises, adverse to the plaintiff, "unlawful and unjust, but which casts a cloud upon the plaintiff's title, and incumbers the record thereof."

The answer puts in issue the ownership and possession of plaintiff, and denies that defendant claims any interest or estate in, or lien upon the premises, except by [virtue of a sale thereof, to him, by the county treasurer of Rice county, on the first of June, 1868, for the taxes assessed thereon, and unpaid, for 1867 for which he holds the county auditor's certificates of purchase, and which tax, and the interest from June 1st, 1868, provided by law, defendant claims as a lien upon the premises. Upon the trial by a referee, the ownership and possession were found to be in plaintiff, subject to the right of the defendant under said tax sale, which the referee held to be a lien on the land, and not an estate or interest therein adverse to the plaintiff, within the meaning of the statute authorizing this action, and that it could not therefore be maintained against the defendant, and also, that said sale was invalid for irregularities appearing upon the face of the proceedings of record, and that the certificate was therefore no cloud upon the plaintiff's title, and that the action · should be dismissed. Judgment of dismissal was entered, with costs for defendant, from which plaintiff appeals.

Brackett v. Gilmore.

The facts necessary to constitute a cause of action, under the statute are the actual possession of the land by plaintiff in person, or by his tenants, and some claim by defendant, adverse to him, of an estate or interest in the land.

*Steele vs. Fish*, 2 *Minn.* 155. A lien upon land is not an estate or interest in it, and is not a proper subject of adjudication in this action. *Bidwell vs. Webb*, 10 *Minn.*, 59, 62. The appellant contends that under the provisions of our tax laws, the purchaser at a delinquent tax sale acquires the fee of the lands, subject only to a statutory redemption or defeasance, which estate becomes indefeasable after two years without any act on his part. That is to say, the sale wipes out all former estates and interests whatsoever in the land, in whomsoever they were vested; for who, besides the owner of an estate in fee, defeasable only upon the happening of a future contingent event, can have any estate or interest in the land? What estate or interest is left? We think the statutes will not bear such a construction, but that the referee is right in holding that before the expiration of the period allowed for redemption, the purchaser has not, as against the owner, an *estate or interest in the land*, but only a *lien upon it*. Such has been the construction put in other states, upon statutes similar to ours.

In those states in which the purchaser receives immediately upon the sale, a deed, purporting to convey to him either the land, or all the estate therein of the person to whom it was assessed, subject only to a right of redemption in the former owner, the case may be different, since the statute is different, and the right of a purchaser at a tax sale rests wholly upon the statute: but in Illinois, where the purchaser received a certificate of sale entitling him to a deed after the expiration of two years, without redemption, which deed, by the statute should vest in him an absolute

estate in fee simple, it was held that no title whatever to the land sold, vested in the purchaser, till the execution of the deed, and that prior thereto he had only a lien upon the land for the re-payment of the tax paid with twenty per ct. interest. (*People vs. Hammond*, 1 *Douglas*, 276.) So in Missouri, under similar provisions, it is held that the design of the law appeared very clearly that the title to the land sold should remain undisturbed until the execution of the deed. *Donahoe vs. Veal*, 19 *Missouri*, 331. *See also Hand vs. Ballow*, 2 *Kernan*, (*N. Y.*) *p.* 541.

The language of our statutes seems clearly to require a like construction.

The words of the law on this subject are, that " the purchaser of any such land, his heirs or assigns, shall from the day of such purchase be taken in all courts, as the assignee of the state of Minnesota, and the amount of taxes, interest and penalties charged on said land at the time it was sold, together with all legal taxes afterwards paid thereon by such purchaser, shall be a lien on such land, and may be enforced as any other." *Gen. Stat.*, *ch.* 11, *sec.* 151. As assignee of the state from the date of the purchase, the purchaser acquires whatever the state then had to assign.

The state on the day of sale, has by the statute a lien only. Its rights as against the owner are given by *sec.* 115 of the same chapter. " The lien of the state for the taxes levied for all purposes in each year, attaches to all property subject to such taxes, on the first day of August annually, and continues until such taxes with any penalty which accrues thereon are paid." That this lien is the right which the state has, and the purchaser acquires at the sale, is expressly stated in section 142. " Upon the sale of any land or town lot for delinquent taxes, the lien which the state has thereon for taxes then due, is transferred to the pur-

Brackett v. Gilmore.

chaser at such sale." This lien is also made available to him for any subsequent taxes paid by him.

The law, as it thus plainly gives him a lien for his money and interest until the expiration of redemption, as plainly fixes the time when, the terms upon which he may acquire an estate in the land, and what that estate shall be, viz: that upon non-redemption, upon his request, and the production of the certificate of sale, and survey, if a survey were needed, the auditor shall execute to him a deed of "conveyance" for the land which shall vest in the *grantee* "a good and valid title both in law and equity." As to any *estate or interest in the land* before this, the statute is silent. The sections cited by appellant are adverse to his theory. The words "sale," "purchaser," "redemption," which he relies on, are used, but they naturally refer rather to personal than to real estate, and in this respect the statute makes, we think, an intentional distinction. The "purchaser" and "assignee" before the deed is executed, becomes, upon the execution, the "*grantee.*"

The same sections, are full of provisions excluding the idea, that the fee passes by the sale.

*Section* 110 plainly contemplates that the respective interests of tenant for life, and remainder-man are not divested by the sale, since the former is to forfeit his estate to the latter, if he allows the land to go to sale.

By *sec.* 127, the sale is to be to the person offering to pay the taxes for the least *quantity* of the land, and the location of this quantity, (whether it be acres or rods) is not to be ascertained *till after* the period of redemption has expired, and then by an official survey.

In what part of the land in the meantime, is it possible for the purchaser to have a fee, or any other estate known to the law? He can have a lien only, not a fee or other

estate in any portion of the land, and this consideration seems decisive, unless the right acquired by one who offers in accordance with the theory of the law to pay the tax, for a less quantity than the whole, is to be held to be, on that account, inferior in its character.

But further, *sec.* 131, provides that applications to redeem may be made by the *owner*, or any person having an interest in, or lien upon the land; and again by *sec.* 124, land not sold shall be struck off, and forfeited to the state; but the further provisions on this head, in the laws of 1860, the basis of our present system, *ch.* 2, *secs.* 38, 39, that "all the right, title, claim, and interest of the *former* owner shall be considered as transferred to and vested in the state, to be disposed of as the legislature may direct;" that future taxes should be assessed to the state, and that on payment by the *former* owner, the state should relinquish all claims to the land to such *former* owner, are wholly omitted, and instead of them, it is provided that the land be still assessed to the owner, as before, and that subsequent taxes be an *additional* lien upon the land under the original forfeiture, till at the expiration of two years, without redemption, the land becomes the absolute property of the state; clearly showing a design that the title shall remain undisturbed till the expiration of the period of redemption.

The appellant has cited passages from *Blackwell on Tax Titles*, in which a tax sale certificate is likened to a certificate of entry of government land, or a sheriff's certificate of sale on execution, and in which the purchaser is spoken of, as having, during the period of redemption a contingent interest in the land, which interest the author calls in other places a contingent equity, an appellation, certainly not descriptive of the interest of a purchaser of government

land, or at sheriff's sale, which, especially the first, is any thing but *contingent*.

These and similar expressions, are irreconcilable with the above mentioned decision of the court of his own state, which he cites as law, as well as with his statement, (*p.* 439, *1st ed.*,) that the purchaser can acquire no right whatever to the estate until the time of redemption has expired; that the certificate confers upon the purchaser a simple right to demand and receive from the owner the redemption money, and that in this respect, it is a mere chose in action, not assignable but by statute, (*p.* 445.)   But it is to be observed, that in those passages in which the purchaser is said to acquire, by his purchase, an estate in the land, a tax sale certificate is placed on the same footing with the deed, which in some states is executed immediately upon the sale, and which *purports* to convey, either the land, or the estate therein of him to whom it was assessed, subject to a right of redemption, thus treating the certificate, as if, instead of being the creature of statute in each state, dependent for its effect in each, upon statutory provisions, it was as much a common law conveyance as a deed of feoffment.   So, as to sales on execution; they purport to sell a particular estate, viz: that of the judgment debtor in the land, and do not interfere, or purport to interfere with any interest prior to his, or to the lien of the judgment thereon: but in this state, however it may be elsewhere, the tax sale purports to operate on the land, or some *quantity* of it, and not on the estate therein of any one in particular, and as we have seen, if it does not create a lien or charge on the land, must necessarily pass to the purchaser, the *quantity* of land purchased, all other and former titles and claims being obliterated. The case of *Dickinson vs. Kenny*, (5 *Minn.*, 100,) has therefore no bearing on this one.

Brackett v. Gilmore.

The absence of all analogy between sales on execution and tax sales, under our statute, is apparent on inspection.

The apparent confusion of ideas to which we have adverted, disappears, perhaps, if we take into account the distinction, which certainly exists between the rights ˙of the purchaser, as against the owner and state respectively. As to the state, he may be said to have during the period of redemption, an equity, contingent on non-redemption to demand and receive a deed of conveyance, which becomes vested after the time of redemption has expired, while as against the owner, it seems an abuse of words to say that he can have any *equity, or equitable rights*.

Since however, as the same author finally concludes, (*p.* 642,) that no general principle can be deduced from the the authorities examined by him in regard to the interest acquired by the purchaser at a tax sale, we may be content to rest on the language of our own statute, from which it follows, that, assuming the constitutionality of the law, and the legality and regularity of all the proceedings under which the defendant claims a lien, and supposing such lien to be perfect, it is not an estate or interest in the land adverse to the plaintiff, within the meaning of the statute. It is unnecessary, therefore, to inquire whether the law be constitutional, or the proceedings under it regular.

Were this action brought upon principles of equity existing independent of the statute, as the proceedings under which the defendant claims a lien, if void, are void upon their face, and as the execution of a deed, which would afford *prima facie* evidence of title, and create a cloud, is neither alleged, nor proved to be threatened or contemplated, the case would fall within the decision of this court in *Scribner vs. Allen*, (12 *Minn.*, *p.* 148,) and the plaintiff would fail to maintain his suit; but as the plaintiff insists this ac-

tion is brought under the statute, and defendant has chosen to take issue upon the material allegation that plaintiff was in possession, and this being found in plaintiff's favor, the judgment should have been that possession was in him as alleged, and that defendant claims no adverse estate or interest in the premises; but as defendant's answer is, in substance, a disclaimer of any such estate or interest, plaintiff cannot have costs in the district court.

The judgment entered in the district court is reversed.