HOLLOWAY, APPELLEE, *v.* ALLEN COUNTY MUTUAL RELIEF ASSOCIATION, APPELLANT.

(Decided February 18, 1937.)

*Mr. W. S. Jackson* and *Mr. B. A. Myers,* for appellee.

*Mr. T. R. Hamilton* and *Mr. E. M. Botkin,* for appellant.

By the Court. In 4 Couch Cyclopedia of Insurance Law, 3136 and 3137, Section 904, it is stated:

"Considerable discussion has been had upon the question of the effect upon representations, warranties, and conditions respecting encumbrances on property insured, of the fact that a particular encumbrance complained of was created by law rather than by the voluntary act of the insured, the contention usually being that stipulations against encumbrances relate only to those which are voluntary, as distinguished from those created by law, or, as it is sometimes said, in invitum. This question, of course, might be raised in nearly all cases of judgments, mechanics' liens, tax liens, etc., but we will consider at this time only such cases as have emphasized the point of involuntariness, leaving for discussion in the next following sections the general questions relating to judgments, liens, etc. These sections should be read in connection with the present treatment.

"The courts are not in entire accord, at least as to conclusion, but, as a general rule, they are inclined, as usual, to favor the insured by confining stipulations as to encumbrances to those voluntarily assumed or placed, unless it clearly appears that such was not the intention of the parties. Thus, where the phraseology employed is general, as where it is merely against any or all encumbrances, it has been declared that only voluntary encumbrances are meant, and not such encumbrances as tax liens or judgments. So, it is said that provisions avoiding a policy if the property becomes mortgaged or encumbered relate to liens voluntarily placed on the property, to the exclusion of judgments or other liens created by operation of law. And,

where a policy stipulates that 'if the property shall hereafter become mortgaged or encumbered this policy shall be null and void,' such provision will be regarded as relating only to liens voluntarily placed upon the property by the insured, and not as applying to judgments or other liens created by law.''

The general rule mentioned has been applied by the Supreme Court of Ohio to a judgment rendered against an assured on a cognovit note. It was held that such judgment does not constitute an encumbrance within the meaning of a condition against encumbrance, even though it becomes a statutory lien on the property. *Ins. Co.* v. *Bowersox*, 51 Ohio St., 567.

The reasoning upon which this conclusion is based is as well applicable to mechanics' liens as it is to judgments on cognovit notes, and it has been definitely held in the case of *Green* v. *Homestead Fire Ins. Co.*, 82 N. Y., 517, that the filing of a mechanic's lien will not avoid a policy conditioned to be void in case of encumbrances.

1. Following and applying these authorities we hold that the filing of the mechanic's lien against the premises insured, subsequent to the issuance of the policy and prior to the loss, did not constitute a bar to recovery under the policy of insurance for the loss sustained by fire.

As the issue as to whether the filing of the mechanic's lien operated as a bar to recovery—under the law a false issue—was injected into the case by the appellant, Allen County Mutual Relief Association, defendant below, pleading the filing of such lien in its answer as a bar to recovery on the policy, the appellant is precluded from claiming error in the admission or rejection of evidence on such issue, or the submission or the manner of submission of such issue. As the pleaded defense did not constitute a bar it was not error for the court to refuse the special charge offered on such issue by the appellant before argument.

Furthermore, since the validity of a mechanic's lien under the laws of Ohio is dependent not only on the filing of the lien but upon the lien being filed within a fixed period from the date the last item of material for which the lien claimed is furnished, and upon the contractual relations existing between the lienor and lienee relating to the furnishing of the material for which the lien is claimed, if the issue of the existence of the mechanic's lien on the insured property had been properly in the case, the evidence complained of as being inadmissible was admissible under the general denial contained in the reply to the answer; and the special instruction requested by the plaintiff was properly denied as Section 8319, General Code, providing that the owner of real estate upon which a lien has been taken may notify the owner of the lien to commence suit thereon, is, in so far as the owner of the real estate is concerned, permissive and not mandatory, and the question as to whether the owner of the real estate availed himself of this permissive provision had no bearing on the validity of the lien.

As to the claimed misconduct of counsel for plaintiff in his argument to the jury, it appears from an inspection of the book account of the lumber company, attached to the bill of exceptions, upon which the mechanic's lien of the lumber company was based, that in the charge items appearing thereon under date of December 29, the figure "2" in "29" has a different conformation than the figure "2" appearing in other items of the account and is in darker colored ink than the figure "9" in such entries. These facts together with the testimony of Garfield Greer and the plaintiff, Holloway, tend to prove that the last item of materials was furnished on November 26 preceding, and that John Reynolds and not The W. G. Reynolds Lumber Company was the principal contractor. This justified plaintiff's counsel in drawing the inferences in his

argument which are complained of. The charge of misconduct is without basis.

2. The contention by the appellant that the recovery by the appellee was barred by reason of fraud, alleged to have been committed by the appellee in furnishing a statement to the appellant that two hundred and fifty bushels of oats had been destroyed by fire when in fact only fifty bushels had been destroyed, is based on the provisions of Article III, Section 1 of the constitution and by-laws of the appellant, as amended subsequent to the issuance of the policy and prior to the loss. Such section reads as follows:

"Sec. 1. A member incurring a loss shall immediately notify the association and the latter shall promptly provide for the adjustment of such loss. It shall be the duty of the insured to make a complete and sworn statement when so required of the loss incurred by him, such statement shall include a complete list of the property lost or damaged and the value thereof immediately before such loss occurred and shall give the time of such loss, the member's knowledge or belief as to the cause of such loss, and if by fire, his knowledge or belief as to how such fire occurred. Any false statement in reference to the origin of the fire, or any statement made for the purpose of defrauding the association, shall render all the claim in question void."

It will be noticed that under the provisions of this section it became the duty of the appellee to furnish a complete and sworn statement of the loss when required by the appellant, and that the last sentence of the section providing that "any false statement in reference to the origin of the fire, or any statement made for the purpose of defrauding the association, shall render all the claim in question void," refers and relates to the complete and sworn statement which it was the duty of the insured to furnish when required so to do by the insurance company. It is not alleged in

the answer that the statement made by the appellee was in compliance with a requirement of the appellant of a complete and sworn statement of loss by the appellee pursuant to the terms of the policy. In the absence of such an allegation (the appellant's defense being limited to the allegations of its answer and it not being affirmatively alleged that such statement was required by the defendant of the plaintiff pursuant to the terms of such section) the statement made by the appellee does not come within the purview of such section. As it does not come within the purview of this section, even though the statement is fraudulently made, it will not operate as a bar to recovery.

3. Neither of the pleas in bar of recovery being valid in law, and the execution and delivery of the policy being conceded and there being substantial evidence tending to prove the facts essential to a recovery by plaintiff, the court did not err in overruling motions of defendant to direct a verdict in its favor.

4. With the exception of the claimed error in that the verdict and judgment are against the weight of the evidence, hereinafter discussed, none of the other errors complained of would justify the reversal of the judgment.

5. Under the manifest weight of the evidence there were only fifty bushels of oats, instead of two hundred and fifty bushels, destroyed by the fire and in so far as the verdict and judgment provided indemnity for oats in excess of fifty bushels, the verdict and judgment are contrary to the weight of the evidence, and unless the appellee consents to a remittitur of $58 from the amount of the judgment, the judgment will be reversed as being against the weight of the evidence in that respect. Otherwise the verdict and judgment are not against the weight of the evidence. If remittitur

is filed as hereinbefore provided the judgment will be modified accordingly and, as modified, affirmed.

*Judgment modified.*

GUERNSEY, P. J., CROW and KLINGER, JJ., concur.