## WILLIS, Admr v YOUNT

Ohio Appeals, 2nd Dist, Darke Co

No 551. Decided March 13, 1939

George W. Porter, Greenville; Floyd D. Smith, Greenville, for appellant.

Jesse K. Brumbaugh, Greenville, for appellee.

**OPINION**

**BY THE COURT:**

This appeal is submitted upon briefs and without oral presentation. We are not certain whether the appeal is on law and fact or upon law only. The notice indicates that the appeal is on questions of law and fact and bond was fixed in the trial court for such an appeal. Whether or not such bond was given does not appear. The brief of appellant is prefaced by an assignment of errors which indicates that the appeal is prosecuted on questions of law. As a matter of fact it makes little difference how the appeal is heard in this court because the questions that are presented are of law rather than fact. The appeal is from a judgment of the court ordering certain real estate in the name of defendant sold as upon execution upon a lien in favor of the plaintiff as representative of creditors of the estate of Eli Sullenbarger, deceased.

The errors assigned are five:

1. That the judgment is not sustained by the weight of the evidence and the law.

2. Error in the rejection of evidence offered by the defendant.

3. The facts set forth in the petition are not sufficient in law to maintain the action against the defendant.

4. The court did not have jurisdiction to order the sale of said real estate.

5. That the judgment should have rendered for the defendant below.

The assignments of error need not be considered separately but a general consideration of the questions involved by the appeal will be sufficient to dispose of all of them.

Three law suits prior to the instant cause bear some relationship to the question here presented, the first, however, being the one which is most material to the controversy. This action instituted by the plaintiff herein against the defendant and others was likewise filed in the Court of Common Pleas, Darke County, under date of May 24, 1932; was designated Petition of Administrator to Sell Real Estate to Pay Debts. The petition averred the qualifications of the administrator that there were valid debts against the deceased in excess of one thousand dollars ($1,000.00) and additional costs of administering the estate of about two hundred dollars ($200.00); that the decedent owned no personal property at the time of his death and that Eli Sullenbarger died intestate on or about March 28, 1931; that prior to that time, February 2, 1931 said Sullenbarger was indebted to Ella Conrad and others in the sum exceeding $1,000.00; that on or about February 2, 1931, Sullenbarger purchased from B. H. Ross and Clara R. Ross certain real estate described and paid the sum of $3,000.00 to the Ross's therefor; that the decedent caused a deed for said real estate to be made to Mary Mae Yount; that Sullenbarger and the defendant both knew that he was indebted to Ella Conrad as theretofore in the petition set out and that Sullenbarger transferred the $3,000.00 to the Ross's for the purpose of defrauding his creditors, all of which was known to the defendant. The other defendants in the case were heirs at law of Sullenbarger.

The prayer of the petition was that the deed from the Ross's to the defendant

"be set aside so far as there appears

to be an interest in said real estate in the said Mary Mae Yount, and that said real estate may be declared to be the property of the said Eli Sullenbarger, deceased, and that the petitioner be authorized and ordered to sell said real estate to pay the debts of said decedent and the costs of administration, and to have all such other and further relief to which, in law, and equity, he may be entitled."

To this petition the defendant answered generally denying all but the formal averments of the petition and further asserting that she purchased the real estate described out of her own money; that decedent, Sullenbarger, had nothing to do with the same, either as to the purchase thereof or the payment of the money therefor. The cause was submitted to the trial judge and his decision was journalized in a short entry, the pertinent parts of which are:

"The court finds that the defendant, Mary Mae Yount, to whom a transfer of the real estate involved in the petition has been conveyed. is the true and lawful owner thereof subject to the debts of the grantor, Eli Sullenbarger. The petition insofar as it prays for setting aside of the deed to Mary Mae Yount, is dismissed and the prayer denied.

Thereupon this cause is passed for further consideration as to any valid debts that may exist against the estate of the decedent, Eli Sullenbarger, which valid debts when brought within the purview of the sections providing for the fraudulent transfer of real estate, are to be made a valid lien against the land so held in the hands of the said Mary Mae Yount."

The opinion of the trial judge in the instant case recites many facts relative to the first case and much of which unfortunately, we cannot consider because not carried into any formal finding or entry. The defendant prosecuted no error or appeal from the order or judgment from which we have heretofore quoted.

Subsequent to the first case which we have set forth, Ella Conrad instituted her action against the administrator of the estate of Sullenbarger which resulted in a judgment in her behalf in the sum of $525.00 with interest and costs. Daisy Evans likewise instituted her action against said administrator and a consent judgment was entered in her behalf in the sum of $125.00 with costs. Another and third action was prosecuted by the administrator which is not necessary to set out nor review. The final action is the one upon which the present appeal is prosecuted and the question presented. is, may the judgment stand wherein the administrator is ordered to sell the land in the name of the defendant, Mary Mae Yount, to pay the debts of Eli Sullenbarger, deceased, upon a lien in favor of said administrator.

We doubt if any facts paralleling those appearing in this case have heretofore been presented to any court. We have read more than fifty opinions with the hope of helpful precedent. The questions presented are troublesome and the various legal steps followed have made them increasingly difficult.

It is obvious that the pleader in the first case had an unusual situation to meet. The petition was grounded upon the claim that Sullenbarger advanced the money to buy the real estate and put it into the name of the defendant for the purpose of defrauding his creditors; that she was cognizant of his purpose and advanced no consideration. Had the plaintiff succeeded and had the court set the deed aside this would not have resulted in putting the property into the name of Sullenbarger. There was a basis for the claim that the title should be in the name of Sullenbarger and there was a prayer for such an order.

There is authority for the institution of the action by the administrator to sell the land, although never the name of the decedent, the debtor, to pay the decedent's debts. Beebe, Admr, etc. v Canda, et, 18 O. C. C. N. S. 104.

334

The court, however, by its judgment found the title to be in the defendant and if the judgment entry concluded with this finding there would be unquestionably no further right in the administrator. Nor did the court make any order respecting the prayer for a sale of the premises to pay the debts of the decedent. The court, however, with the obvious purpose of protecting the creditors of Sullenbarger undertook to make a general charge against the real estate by the statement that it was held by the defendant subject to the debts of Sullenbarger. Thereby no judgment lien was created and it is apparent that it was not intended to be created but such determination was put forward to a subsequent date when creditors might qualify as lien claimants. We find no statutory support for the relief for which the Court undertook to award to the administrator.

The concept of a lien or charge against real estate is inconsistent with any interest or ownership therein. A lien is said to be an encumbrance upon, not an interest in property. Merchants' Insurance Company v Frick, 5 O. D. Re., 47. Wright, et al v Franklin Bank, et al 59 Oh St 80.

The specific language in the entry, by which it was provided that liens could be fixed in favor of creditors of Sullenbarger, was as follows:

"Thereupon this cause is passed for further consideration as to any valid debts that may exist against the estate of the decedent, Eli Sullenbarger, which valid debts, when brought within the purview of the Sections providing for the fraudulent transfer of real estate, are to be made a valid lien against the land so held in the hands of the said Mary Mae Yount."

It will be observed that this entry does not adjudge that the claim of Ella Conrad or anyone else either is a valid debt of the estate of Sullenbarger or that as to such claim the transfer to the defendant was fraudulent. All of that was left for future determination, at which time when so determined the lien would become specific.

The last action which is the judgment under review was grounded upon the theory that the first judgment had established the liens of Ella Conrad and other creditors.

In the last action there was no showing that would support the establishment of liens against the real estate in favor of Ella Conrad and other creditors of the deceased and which could be the basis of the sale of the real estate to pay debts.

All that the court found in the last judgment entry was that Ella Conrad and Daisy Evans were creditors, that there were costs of administration and that by virtue of the judgment in the first case the amount of said claim was a first lien on the real estate in the name of defendant and ordered it sold as upon execution. We are of opinion that the order of sale is not supported by the record. The judgment will be reversed and cause remanded.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.