GUSTAFSON ET AL., APPELLANTS, *v.* BUCKLEY ET AL., APPELLEES.

NICHOLS, P. J., dissenting. This cause is in this court on appeal on questions of law by plaintiffs, Arthur P. Gustafson and Lucy C. Gustafson, from the judgment of the Common Pleas Court of Lake County.

In that court, the plaintiffs filed their petition in which they allege that they are the owners of certain specifically described real estate situated in Lake County, and, in the first cause of action, they allege further that the defendants wilfully and maliciously filed and caused to be filed with the recorder of Lake County a false and fraudulent affidavit, describing therein plaintiffs' real estate, and in which an alleged lien against such real estate is claimed. The petition asserts further that such affidavit was filed with the intent and for the purpose of clouding the title to the premises, and in fact that it does create a cloud upon plaintiffs' title.

Other allegations as to the purpose and intent, as well as the effect of the filing of such affidavit, are set forth in the petition, giving rise to the claim of plain-

tiffs for damages against defendants as set forth in the second, third and fourth causes of action stated in the petition, all alleged to grow out of the same transaction.

With relation to the first cause of action, the petition prays that said fraudulent lien be cancelled and discharged of record and that plaintiffs' title to the described premises be quieted against the same.

A summons was issued upon the petition and served upon both defendants in Cuyahoga County by the sheriff of that county. Both defendants, by their counsel, filed the following motion in the Lake County court:

"Now come the defendants, by their attorneys, and without intending to enter their appearance herein, but solely for the purpose of objecting to the jurisdiction of this court over them, these defendants respectfully move this court for an order quashing the service of summons in this action for the reason that the defendant Vernon T. Buckley is a resident of Cuyahoga County and the defendant The Lake Shore Roofing and Sheet Metal Company has its principal place of business in Cuyahoga County and maintains no place of business in Lake County; and that the action is not properly brought in Lake County."

In the brief filed by defendants in the Court of Common Pleas in support of such motion to quash the service of summons upon them, it is conceded "that a quiet title action is properly brought in the county where the real estate in question is located" and also "that a quiet title action is statutory," but that the Supreme Court of Ohio has repeatedly held that a quiet title action is equitable in character and is considered as an action in chancery. *Clark* v. *Clark*, 110 Ohio St., 644, 144 N. E., 743; *Lust* v. *Farmer's Bank & Savings Co.*, 114 Ohio St., 312, 151 N. E., 189; *Logan Gas Co.* v. *Keith*, 117 Ohio St., 206, 158 N. E.,

184. So reasoning that the relief sought by the plaintiffs is equitable, defendants, in such brief, made two claims, first, that there is no provision of the General Code for the filing of actions for damages in one county against a resident of another county, and, second, that equitable relief will not be granted where there is an adequate remedy at law, and in respect to this second claim, it is asserted that Section 8319, General Code, sets forth the rights and remedies of an owner against whose property a lien has been filed, constituting a legal remedy available to the plaintiffs and that they have no basis for a chancery action.

The trial court granted defendants' motion to quash the service of summons on defendants, its journal setting forth that "upon due consideration of the briefs of counsel the court finds said motion well taken and therefore sustains the same. It is therefore ordered and adjudged that the service of summons upon said defendants be quashed. Exceptions noted for the plaintiffs."

We are not favored with an opinion of the trial judge, and, therefore, do not know whether that court sustained the motion to quash because it found that plaintiffs could not obtain in a chancery action the damages sought in their second, third and fourth causes of action, or whether the court sustained the motion on the ground that plaintiffs had a legal remedy available to them by the provisions of Section 8319, General Code. One thing that is definitely observed is that in their motion to quash no claim is made that defendants do not have an interest in the real estate described in the petition growing out of their filing of affidavits for mechanics lien; and, further, it is definitely observed that in their brief filed in this court defendants admit that the action to quiet title is properly brought in the county where the real estate is situated, subject only to the claim that a me-

chanics lien. is not an "interest" in the real estate. Further reference will hereinafter be made upon this point.

An appeal on questions of law was duly perfected from the judgment of the Common Pleas Court ordering the service of summons quashed.

This court will not concern itself now with any question of the right of plaintiffs to the damages sought in the second, third and fourth causes of action set up in the petition. If plaintiffs have set up in their first cause of action a good cause of action for the quieting of their title to the described real estate as against the lien sought to be obtained by defendants by the filing of the affidavit therefor with the county recorder, then the trial court was clearly in error in sustaining the motion to quash service of summons, even though both defendants were not residents of Lake County and service was made on them in Cuyahoga County. Any question of misjoinder of the causes of action set up in the petition could only be reached by demurrer on the ground of misjoinder, and not by motion to quash service. Indeed, when defendants, by brief, argued against the right of plaintiffs to damages they thereby likely submitted themselves to the jurisdiction of the Lake County court on the merits of the action, saving, of course, their right to further demur and defend. Misjoinder of causes of action constitutes no ground for sustaining a motion to quash service of summons. But let it be understood that this court cannot and does not *now* decide whether *there* has been a misjoinder of causes of action in plaintiffs' petition, or whether plaintiffs may recover damages in this action. At this time this court is concerned solely with the question whether plaintiffs have stated a good cause of action to quiet title against the filing of defendants' affidavit for mechanics lien, with venue in Lake Coun-

ty, so as to authorize service of summons in Cuyahoga County on the concededly nonresident defendants, waiving for the time the question whether defendants have submitted their persons to the jurisdiction of the Lake County courts by pleading to the merits of the action.

The claim of defendants now made in this Court of Appeals is that plaintiffs do not have a good cause of action against them to quiet title for two reasons, first, that Section 11901, General Code, authorizes such action to be brought only against "any person who claims an estate or interest" in the real property, and they assert that a person who has filed an affidavit for a mechanics lien has neither an estate nor an interest in the real estate, title to which is sought to be quieted. With that assertion my associates seem to be in accord on the ground that a lien is inconsistent with an estate in the land and the holder has *no* interest in the land. I cannot concur with that position. It may be conceded that by the filing of an affidavit for mechanics lien the lien-claimant has established no "estate" in the land. But the statute does not prescribe that the defendant must have an *estate* therein; he need only have an interest in the land, such as would create a cloud upon the title of the plaintiff. The Legislature carefully so provided by the use of the alternative phrase, "estate *or* interest," which clearly demonstrates that the word, "interest," is meant to describe a claim different from an "estate." It is definitely established in Ohio that a defendant in an action to quiet title need not have such an estate therein as to entitle him to the possession thereof; and that he is properly made a defendant if he claims some right which creates a cloud upon the title of the owner. This was early held in the case of *Rhea* v. *Dick*, 34 Ohio St., 420.

In speaking of the construction to be given the stat-

ute for quieting title, the court, in that case, on page 424, quoted with approval from a California case dealing with a like statute, as follows:

" 'The statute giving this right of action to the party in possession does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable title, but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its title clouded, or its value depreciated, or whereby the plaintiff might be incommoded or damnified by the assertion of an outstanding title already held or to grow out of the adverse pretension. The plaintiff has the right to be quieted in his title whenever any claim is made to real estate of which he is in possession, the effect of which claim might be litigation or a loss to him of the property.' "

And in *Bailey* v. *Hughes*, 35 Ohio St., 597, it was held that the plaintiff in such action need only allege that the defendant *claims* an adverse estate or interest therein and that the same is unfounded and without right and constitutes a cloud upon plaintiff's title, without defining the same, and that such allegation is sufficient to require the defendant to set up any estate or interest he may claim to have in the premises or be barred from thereafter asserting the same. However, in the case we review, the plaintiffs have avoided any question of the sufficiency of their petition by setting forth the nature of defendants' claim and alleging it to be false and fraudulent.

See 33 Ohio Jurisprudence, 932, 933, 934, Sections 125, 126 and 127, and cases cited, and 33 Ohio Jurisprudence, 876, 877, Sections 46, 47, 48 and 49.

Section 46, *ibid.*, states:

"An imperfect or invalid mechanics lien is a cloud which equity will remove. The title of the owner of a vacant lot will be quieted against a mechanics lien for

the cost of the erection of a building thereon contracted for by parties other than the owner.''

It is conceded that there is one decision by the courts of the state of Ohio which holds that a mechanics lien creates neither an estate nor an interest in the land. See *Willis, Admr.*, v. *Yount*, 29 Ohio Law Abs., 331. As authority for that holding the court cited *Merchants Ins. Co.* v. *Frick*, 5 Dec. Rep., 47, 2 Am. Law Rec., 336; and *Wright* v. *Franklin Bank*, 59 Ohio St., 80, 51 N. E., 876. I can see nothing in the *Wright case* which even remotely so intimates.

My associates seem to find something on page 94 in the opinion in *Wright* v. *Franklin Bank, supra,* supporting their position. I quote the language of the opinion and emphasize the portion which I find definitely supports my view that a mechanics lien is an interest in the real estate, though distinct from a trust, to wit:

''Coming now to this case, it is clear that the paper signed by Mr. Youtsey was intended to create only a lien in favor of Mr. Wright, and not a trust. The paper cannot be construed to create both a lien and a trust, as they are the opposites of each other. In *a trust the property is held for another,* while in *the case of a lien it is held by the holder for himself, but burdened with a charge, commonly called a lien, in favor of another.* The law applicable to liens must therefore rule this case, and not the law applicable to trusts. * * *

''Should there be no bidder, the liens could be marshaled and the proceeds of the sale distributed, but the *lien of the attachment* and *the conveyance under the deed of assignment, would remain in full force as legal rights fastened upon the estate* held by an equitable title, and would both have preference over the defective and unrecorded mortgage held by Mr. Wright.''

Since it was thus held that a lien is a *legal right fastened upon the estate, entitled to a preference* over

an unrecorded defective mortgage, it is clear to me that a lien creates an *interest in the real estate* upon which *it is fastened*.

*Merchants' Ins. Co.* v. *Frick* was an action by Frick to recover on an insurance policy issued by the company, the question being whether the insured should have disclosed to the insurer that the plaintiff's landlord had reserved a lien on the leased property for the rent. The Superior Court of Cincinnati held that the reserved lien was not an interest in the property so as to defeat the policy. Other than in *Willis* v. *Yount, supra*, the case has never been cited, but in no event could it be held that the decision is authority for holding that a mechanics lien holder has no interest in the property in an action to quiet title. Five years after the decision in *Merchants' Ins. Co.* v. *Frick, supra*, the Supreme Court of Ohio in *Rhea* v. *Dick, supra*, in an action to quiet title, settled the interpretation to be given to the word, "interest," as used in Section 11901, General Code. That interpretation has been followed ever since.

Section 8321, General Code, provides that mechanics liens "shall be preferred to all other *titles*, liens or incumbrances, which may attach to or upon such construction * * * or to, or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said construction."

How it can be argued that such liens do not give the holder an interest in the land is simply beyond my comprehension.

In the original edition of Bates, Pleadings, Practice, Parties & Forms (vol. 3, page 2476), under the subject, "Quieting Title," is found the following statement:

"But the Supreme Court of Ohio has said that 'the act * * * should be construed to give jurisdiction in every case in which a *claim or lien* upon real estate appears to be asserted or to exist. It is highly desir-

able that land should be freed from every lurking and unsubstantial claim, for even the suspicion of such claim, no matter how ill founded, affects the value of property when on sale.' Quoted with approval in *Rhea* v. *Dick,* 34 O. S. 430, 423, and in *Lowmiller* v *Fouser,* 52 O. S. 123, 136, from *Bogert* v. *City of Elizabeth,* 27 N. J. Eq., 568, 572; see, also, *Douglass* v. *Scott,* 5 O. 195, 196.'' (Emphasis added.)

It must come as a great surprise to the bench and bar of Ohio, as it does to me after 50 years of practice in this state, to now find a decision of the Court of Appeals which purports to hold that one who has filed or attempted to perfect a mechanics lien upon specific real estate is not thereby asserting or claiming an interest therein which is a cloud upon the title of the owner.

All parties to this action assert that although such action is expressly provided for by Section 11901, General Code, equitable principles will be applied in disposing of the issues raised therein. It is the claim of defendants that because equitable principles are to be applied in such action the plaintiffs cannot avail themselves of the Code provision, or bring an action in chancery for the same relief, because under the statutes providing for mechanics liens the plaintiffs have an adequate remedy at law. Defendants cite and rely on Section 8319, General Code.

But of this much I am certain, the Legislature having authorized plaintiffs to bring the action to quiet title, defendants cannot compel plaintiffs to pursue some other action, of defendants' choosing, as a basis for the sustaining of a motion to quash service of summons. When defendants pursue their effort to require plaintiffs to adopt some other procedure, if any, then defendants come dangerously near entering their appearance on the merits of the action. I am prepared to hold that defendants, by their course of argument in

the trial court, did enter their appearance to the merits of the action.

However, it is not necessary to go that far at this time because there is nothing in Section 8319, General Code, which provides plaintiffs with an *adequate remedy at law*.

Had the plaintiffs attempted to pursue the suggested course in Lake County, where the premises are situated and where defendants would be required to institute their action to foreclose their claimed mechanics lien, it is reasonable to assume that defendants would move to quash the service of such notice upon them in Cuyahoga County. It is not now proper to decide whether such motion could be properly sustained, but the question could arise whether the service of the notice would have to be made by the sheriff of Lake County, as stated in the section, or could be made in Cuyahoga County by some one deputized by the sheriff of Lake County. Be that as it may, such notice could give the defendants no greater or more definite notice to pursue their remedy of foreclosure than did the summons served upon them in this proceeding, wherein they were notified and required to set up in this action their claim to the mechanics lien or the same would be forever barred. If defendants would desire more time to file their cross-petition than the answer day to the summons, leave would undoubtedly be granted so that they might have for that purpose the 60 days provided for in Section 8319, General Code. They could take the dilatory procedure adopted in this action. I say "dilatory" because defendants can never obtain the benefits of their mechanics lien, assuming it to be valid, until they take steps to enforce it either in this action or after service of notice pursuant to Section 8319, General Code.

In this action, governed by equitable principles, it seems to me that we should not sacrifice substance for

form, particularly where any action brought to enforce the claimed mechanics lien would be governed by the same equitable principles applying to an action to foreclose a mortgage or any other lien.

As stated above, the provisions of Section 8319, General Code, do not provide plaintiffs with an adequate remedy at law; they do not create a legal cause of action in the plaintiffs, but if availed of by the owner they provide only that the lien claimant must institute his chancery action to foreclose the lien, and if the lien is decreed to be valid by the chancery court and there is any dispute as to the amount due thereon his right to a money judgment would be triable to a jury on demand. He may waive his lien and sue at law for a money judgment.

In *Holloway* v. *Allen County Mutual Relief Association,* 57 Ohio App., 507, 510, 15 N. E. (2d), 155, the fourth paragraph of the syllabus reads:

"The provisions of Section 8319, General Code, to the effect that the owner of real estate upon which a lien has been taken may notify the owner of the lien to commence suit, are permissive and not mandatory and the question as to whether the owner of the real estate availed himself of this provision has no bearing on the validity of the lien."

The decision of the majority members of this court is in direct conflict with the decision of the Court of Appeals for Allen County, as set forth in the quoted syllabus, and the cause should be certified to the Supreme Court on the ground of such conflict, and it is not necessary to await a motion for such certification.

Suggestion is made in defendants' brief that plaintiffs could have instituted an action in Cuyahoga County for a mandatory order in personam to require defendants to cancel their pretended lien. Such an action would be in all respects an action for mandatory injunction, which would be cognizable only in a court

of chancery and would in no wise provide plaintiffs with an *adequate remedy at law.*

As stated above, defendants concede that "a true quiet title action" is properly brought in the county where the land is located pursuant to the provisions of Section 11268, General Code. The only contention of defendants contra is that this is not a true quiet title action because the lien claimed by defendants is not an "interest" in the real estate. That contention is definitely disposed of by what has hereinbefore been said.

This is an action by plaintiffs for the recovery by them of the interest claimed by defendants under the alleged mechanics lien. In their brief filed in this court defendants state:

"The land in question is located in Lake County. * * * The very wording of the basis for a quiet title action explains why, ordinarily, it must be brought in the county in which the land is located. Ohio General Code Section 11901 defines the purpose of a quiet title action for a plaintiff in possession as being to contest a claim of an estate or interest in the real property adverse to the plaintiff. Section 11268 requires that an action for the recovery of an estate or interest in real property be brought in the county in which the land is located. Obviously a true quiet title action, since it deals with claims of an estate or interest in real property, will have to be brought in the county in which the land is located."

Thus the entire claim of defendants that the Lake County court does not have jurisdiction of this action is based upon the single proposition that the mechanics lien filed by defendants is not an adverse "interest" in the land which may be quieted.

Having decided that this is "a true quiet title action," the rule laid down by the Supreme Court in *Gem City Acetylene Generator Co.* v. *Coblentz*, 86 Ohio

St., 199, 99 N. E., 302, Ann. Cas. 1913D, 660, settles the right of plaintiffs to cause summons to be issued to Cuyahoga County for the defendants.

Paragraph two of the syllabus of the cited case reads:

"When the entire property described in the petition and sought to be recovered in such proceeding is real estate, all of which is situated in one county, the action must be brought in that county and summons may be issued to any other county for the defendants."

And finally, since it is conceded that equitable principles are to be applied in determining the issues in a quiet title action, it certainly is not proper to give a narrow and strained interpretation to the language of Section 11901, General Code. See *Darlington* v. *Compton,* 11 C. D., 97, 99, 20 C. C., 242.

The petition in this case meets all the requirements of a bill in equity to remove a cloud from title. Our two greatest writers upon equity jurisprudence very fully consider chancery powers in cases of bills of peace and suits to remove a cloud from title. 2 Story's Equity Jurisprudence (12 Ed.), 33, 50, Chapters 21, 22; 1 *ibid*, 683, 698, Sections 700, 711*a*; 1 Pomeroy's Equity Jurisprudence (1 Ed.), 243; 3 *ibid*, 429, 435. Such jurisdiction is held to be "inherent in courts of equity." Speaking generally, the right to relief may be said to depend upon title and possession in the plaintiff and some claim by the defendant adverse to that title.

This dissenting opinion is altogether too long, but I cannot refrain from expressing my views in relation to the statement in the majority opinion to the effect that "the validity of a mechanics lien presents a question for the determination of a jury because it is a creature of the statutes." It is clear that this appeal from a judgment quashing service of summons presents no occasion for deciding how the action shall be

tried, whether to the court or a jury, and I do not understand that the defendants raised any such question; if they did, then they certainly pleaded to the merits of the case and entered their appearance. I will not accuse counsel for defendants of the folly of urging any such question on this appeal. However much I may disagree with the quoted statement, as related to the issue raised by plaintiffs' petition, I should not be guilty of passing upon that question until and if it is raised at a proper time. I assert that such question is not involved on this appeal. Perhaps I may be pardoned for repeating that actions to quiet title have always been recognized as cognizable by the chancery courts. The statute of Ohio, Section 11901, General Code, merely shows that the Legislature recognized the right to bring such action; the statute does not attempt to deprive the chancery courts of their jurisdiction in such actions.

The judgment of the Common Pleas Court should be reversed for error in sustaining defendants' motion to quash service of summons and the cause remanded with instructions to overrule that motion.