GUSTAFSON ET AL., APPELLANTS, *v.* BUCKLEY ET AL., APPELLEES.

**116**

(No. 512—Decided January 16, 1953.)

*Mr. Arthur P. Gustafson,* for appellants.
*Mr. William R. Van Aken,* for appellees.

GRIFFITH, J. This is an appeal on questions of law from an order of the Court of Common Pleas of Lake County, granting the motion of the defendants, appellees herein, to quash service of summons.

The plaintiffs, appellants herein, filed their petition in the Common Pleas Court against the defendants who were and still are domiciled in Cuyahoga county. Neither of the defendants resides nor maintains a place of business in Lake county. Both were served in Cuyahoga county by the sheriff of Cuyahoga county.

The petition prays that a certain mechanic's lien filed against the premises of the plaintiffs in Lake county be cancelled and discharged of record.

The question at issue is whether the trial court erred in granting the motion to quash service of summons. The land in question is located in Lake county. Section 11268, General Code, authorizes actions for the recovery of real property or an estate or interest therein to be brought in the county where the subject of the action is situated.

The plaintiffs contend that the Lake County Common Pleas Court has jurisdiction because such an action is within the scope of Section 11268, General Code, and, therefore, that it must be instituted in the county in which the land is located.

Section 11268, General Code, reads:

"Actions for the following causes must be brought in the county in which the subject of the action is situated, except as provided in the next two succeeding sections:

"1. For the recovery of real property, or of an estate or interest therein;

"2. For the partition of real property;

"3. For the foreclosure of a mortgage, or the enforcement of a lien or other incumbrance or charge on real property."

They further contend that this is an action to quiet title. An action to quiet title under Section 11901, General Code, is a statutory action to determine adverse claims, while an action to remove a cloud on title is directed at instruments rather than at adverse claims asserted by individuals. Section 11901, General Code, provides, among other things:

"An action may be brought * * * against any person who claims to have an estate or interest therein, adverse to him, for the purpose of determining the interests of the parties therein."

The defendants do not claim an estate or interest. They claim a lien.

An action to quiet title is an action for determination of an interest in land. In *McDonald* v. *Bayard Savings Bank,* 123 Iowa, 413, 98 N. W., 1025, the court said:

" 'An interest' in land is the legal concern of a person in the thing or property, or in the right to some of the benefits or uses from which the property is inseparable."

A mechanic's lien is not an "interest in land," but is only a right to resort to the land to satisfy a debt. It is merely a security for the payment of a debt.

"The word 'interest' is used in this Restatement both generically to include varying aggregates of

rights, privileges, powers and immunities and distributively to mean any one of them.'' 1 Restatement of the Law of Property, 8, Section 5.

''The word 'owner,' as it is used in this Restatement, means the person who has one or more interests.'' 1 Restatement of the Law of Property, 25, Section 10.

A lien upon land is not an estate or ''interest'' in the land.

In *Morrison* v. *Clarksburg Coal & Coke Co.*, 52 W. Va., 331, 43 S. E., 102, it is stated by Judge Poffenbarger in a concurring opinion, at page 341:

''All the authorities hold that a lien upon land is not an estate or interest in the land. 'A lien is not, strictly speaking, either a *jus in re* or *jus ad rem*; that is, it is not a property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing.' Story's Eq. Jur. ss. 506, 1215; *Brace* v. *Duchess of Marlborough*, 2 P. Wms., 491; *Ex Parte Knott*, 11 Vesey, 617. ' ''Lien'' is a term of very large and comprehensive signification. In its widest sense it may be defined to be a hold or claim which one person has upon the property of another as a security for some debt or charge. But it never imports more than security; it confers no right of property.' 19 Am. & Eng. Ency. Law (2d Ed.), 6.''

Even a mortgagee holding the legal title is said to have, in equity, only a chattel interest. *Morrison* v. *Clarksburg Coal & Coke Co.*, *supra*; 4 Kent's Commentaries, 160; *Clark* v. *Beach*, 6 Conn., 142; *Wilkins* v. *French*, 20 Me., 111; *Kinna* v. *Smith*, 3 N. J. Eq., 14; *Clift* v. *White*, 12 N. Y., 519.

''A lien upon land is not an estate or interest in it.'' *Brackett* v. *Gilmore*, 15 Minn., 245, 251; *Bidwell* v. *Webb*, 10 Minn., 59, 62.

This action designated, ''An action to quiet title,'' is, in effect, a suit to contest the validity of a mechanic's lien. It is not an action in equity to quiet title, but is an action to be tried by a jury. Denial of this right would be error.

A suit challenging the validity of a mechanic's lien cannot take the place of a proceeding to quiet title under the statutes of Ohio.

The action to cancel the lien is incidental to the main issue, which issue is the validity of the debt and is a jury matter. If the lien is determined to be illegal, then the chancery court will accord relief. There is a dispute as to the validity of the lien.

In the case of *Merchants' Insurance Co.* v. *Frick*, 5 Dec. Rep., 47, 2 Am. L. Rec., 336, decided by the Superior Court of Cincinnati in 1873, it is stated on page 49:

''It is said there was a mechanic's lien for a small sum for repairs when the policy was renewed. If so, it was not a mortgage, nor did it amount to an *interest* of another than the insured *in* the property. A lien *upon* property creates no title to or in it.''

The question we have before us was directly decided in 1898 in the case of *Wright* v. *Franklin Bank*, 59 Ohio St., 80, 94, 51 N. E., 876, the court saying:

''Coming now to this case, it is clear that the paper signed by Mr. Youtsey was intended to create only a lien in favor of Mr. Wright, and not a trust. The paper cannot be construed to create both a lien and a trust, as they are the opposites of each other. In a trust the property is held for another, while in the case of a lien it is held by the holder for himself, but burdened with a charge, commonly called a lien, in favor of another. The law applicable to liens must therefore rule this case, and not the law applicable to trusts.''

The lien or claim is a mere assertion and depends for its validity on an account, which is the basis of the lien. In the case of *Willis, Admr.*, v. *Yount*, 29 Ohio Law Abs., 331, the Court of Appeals of the Second Appellate District of Ohio, said:

"The concept of a lien or charge against real estate is inconsistent with any interest or ownership therein; a lien is an encumbrance upon, not an interest in, property."

This is not, in fact, a suit to quiet title at all, but merely an action to cancel a mechanic's lien. Section 8319, General Code, provides an adequate remedy at law for the plaintiff in this case, and, since a lien is not an estate or interest in land, the trial court did not err in granting defendants' motion. A mechanic's lien is a creature of statute. Its removal or cancellation is provided for by statute.

For the reasons set forth, we feel that the trial court did not err in granting the motion to quash service of summons and its judgment, therefore, is affirmed.

*Judgment affirmed.*

PHILLIPS, J., concurs.
NICHOLS, P. J., dissents.∎