**WEST PENN HOTEL DEVELOPMENT, INC.**

v.

**84 LUMBER COMPANY.**■

Court of Common Pleas of Ohio,
Franklin County.

No. 98MS04–92.

Decided June 1, 1998.

*Bricker & Eckler, L.L.P., Luther L. Liggett, Jr.,* and *Kimberly J. Brown,* for plaintiff West Penn Hotel Development, Inc.

*Daniel L. Bell* and *Robert M. Stefancin,* for defendant 84 Lumber Co.

DAVID L. JOHNSON, Judge.

## I. Procedural History

On April 20, 1998, plaintiff filed its "Application for Approval of Bond and Release of Mechanic's Lien." Defendant filed its motion for change of venue May 12.

## II. Venue

Venue is proper in any county in which (1) the defendant resides, (2) the defendant's principal place of business is located, (3) the defendant's activity gave rise to the claim for relief, (4) tangible personal property which is the subject of the suit is located, or (5) part or all of a claim for relief arose. Civ. R. 3(B)(1) through (3), (5), and (6). In this regard, "[t]he first nine provisions of Civ. R. 3(B) are on an equal status, and any court specified therein may be a proper and initial place of venue." *Glover v. Glover* (Brown 1990), 66 Ohio App.3d 724, 728, 586 N.E.2d 159, 162, citing *Morrison v. Steiner* (1972), 32 Ohio St.2d 86, 89, 61 O.O.2d 335, 337, 290 N.E.2d 841, 843–844; *Berarducci v. State Teachers Retirement Sys.* (Trumbull 1984), 21 Ohio App.3d 195, 197, 21 OBR 208, 209–210, 486 N.E.2d 1183, 1185–1186, quoting *Morrison.* "Generally the law favors suits in places where the *defendant* resides or has a close connection or in places where the claim for relief arose or the subject of the action is located[.]" (Emphasis *sic.*) Ohio Rev.Code Ann., Civ. R. 3(A), staff note 2 (Baldwin 1981).

"If there is no available forum in divisions (B)(1) to (B)(9) of this rule," venue is proper "in the county in which plaintiff resides, has his principal place of business, or regularly and systematically conducts business activity." Civ. R. 3(B)(10). If a forum remains unavailable, venue is proper "[i]n a county in which defendant has property or debts owing to him subject to attachment or garnishment" or "[i]n a county in which defendant has appointed an agent to receive service of process or in which an agent has been appointed by operation of law." Civ. R. 3(B)(11)(a) and (b).

### III. Discussion

Defendant argues that venue is improper in Franklin County. Defendant seeks to transfer venue to Stark County, where defendant has filed a lawsuit seeking foreclosure of the mechanic's lien. Defendant argues that "[v]enue of the Stark County Litigation is proper because that county is where the Real Property is located, and where all or a part of 84 Lumber's claims for relief arose." Defendant also argues that "by filing and serving the 'Notice to Commence Suit' in the Stark County Court of Common Pleas, the Plaintiff instituted the action on 84 Lumber's mechanic's lien in Stark County, Ohio." Attached is a copy of plaintiff's notice to commence suit on mechanics' lien.

In response, plaintiff argues that "[v]enue is proper in Franklin County because both 84 Lumber's affiant for the mechanic's lien * * * and the property owner reside in Columbus * * *. Further, West Penn delivered the original bond to 84 Lumber's agent in Columbus." (Ellipsis *sic.*) Plaintiff also argues that "[t]he bond is a third-party beneficiary contract between West Penn and the surety, for the benefit of 84 Lumber. Approval of the bond has nothing to do with the real estate." Attached are copies of the affidavit of defendant's counsel, a letter from plaintiff's counsel to defendant's counsel, the bond, the proposed mechanic's lien release, defendant's Stark County complaint, and a proposed entry approving plaintiff's application.

The applicable law is as follows:

"2. A mechanic's lien is not an estate or interest in real property, but is only a right to resort to the real property to satisfy a debt.

"3. Where an action is instituted to declare invalid and cancel a mechanic's lien on real property in the Common Pleas Court of the county in which the property is situated, and all named defendants are residents of another county and are served with summons by the sheriff of the county in which they reside, it is not error for the trial court to grant the defendants' motion to quash service of summons." *Gustafson v. Buckley* (Lake 1953), 96 Ohio App. 115, 54 O.O. 212, 121 N.E.2d 280, paragraphs two and three of the syllabus.

In this regard, venue is proper in Franklin County because the bond was delivered to defendant's agent in Franklin County and the landowner resides in Franklin County. The real property's location in Stark County is immaterial to the proper venue for the application to substitute the bond for the mechanic's lien under R.C. 1311.11. Also, plaintiff's filing of a "Notice to Commence Suit" in Stark County does not constitute its initiating a lawsuit there.

Because venue is proper in Franklin County, defendant's motion to change venue is thus unwarranted. Likewise, further delay in deciding plaintiff's "Application for Approval of Bond and Release of Mechanic's Lien" is unwarranted. If

defendant objects to the sufficiency of the bond under R.C. 1311.11(C)(2), it must file its objection by June 5, 1998. At that time, a non-oral hearing will be held on plaintiff's application.

Therefore, defendant's motion for change of venue is DENIED. Counsel for plaintiff shall prepare an appropriate entry and submit the proposed entry to counsel for the adverse party pursuant to Loc.R. 25.01. A copy of this decision shall accompany the proposed entry when presented to the court for signature.

## JUDGMENT ENTRY FOR APPROVAL OF BOND AND RELEASE OF MECHANIC'S LIEN

### Decided June 10, 1998

This matter comes before this court upon plaintiff's application for approval of a bond as substitute security, and for release of a mechanic's lien recorded by defendant 84 Lumber Co. in the Stark County Recorder's Office, Record No. 98014069 on March 9, 1998, against real property described as 7046 Sunset Strip Blvd., Canton, Stark County, Ohio, owned by Vedant, Inc.

Plaintiff's application was served upon defendant both at its address out of state and upon its agent in Franklin County, by certified mail, return receipt requested and filed of record. A copy of the bond is attached to the application and the original is held by defendant.

Now, therefore, upon due consideration, the only issue to be determined by this court being the sufficiency of the bond pursuant to statute, the court finds that the bond is a valid and sufficient obligation. Therefore, in accord with R.C. 1311.11, it is hereby

ORDERED, that the bond is approved, that the security of the bond shall be substituted for the security of the lien, that the lien is void and that the property is wholly discharged from the lien. The Recorder of Stark County is hereby authorized to accept a certified copy of this entry for filing, and to take such other actions as may be necessary to cause the mechanic's lien to be discharged and released.

SO ORDERED.