VARKETTA ET AL., APPELLANTS, *v.* GENERAL MOTORS CORP. ET AL., APPELLEES.

(No. 31635—Decided April 12, 1973.)

*Mr. Paul Mancino, Jr.,* for appellants.
*Mr. C. R. Keller, Jr,* and *Mr. Theodore O'Malley,* for appellees.

KRENZLER, J. Plaintiff, Deborah Varketta, a minor, and her parents, filed a complaint in the Common Pleas Court of Cuyahoga County for money only against the defendants, Callender Chevrolet, Inc., hereinafter referred to as Callender, and General Motors Corporation, hereinafter referred to as General Motors.

The complaint alleges that the defendant, General Motors, is licensed to do business in Ohio and that it manufactures and sells automobiles through dealerships; that the defendant, Callender, is a dealership located in Ashtabula, Ohio, and is engaged in the business of selling automobiles to the general public.

Plaintiffs further allege that the defendant, Callender, sold plaintiff, James Varketta, a 1966 Chevrolet, which was manufactured and constructed by defendant, General Motors.

The substance of the balance of the complaint is that an accident occurred, and as a result of the accident the plaintiff, Deborah Varketta, sustained injuries and damages, for which she is seeking judgment against the defendants. Her parents are seeking recovery from defendants of sums expended for medical care and treatment of Deborah,

General Motors answered by general denial. Defendant, Callender, answered by general denial and also asserted the affirmative defense of contributory negligence.

On May 28, 1971, Callender raised the issue of improper venue (C. R. 3(C)(1)) by filing a motion to transfer the complaint to the Ashtabula County Common Pleas Court, Civil Rule 12 (B)(3). Callender maintains that venue is not properly laid in Cuyahoga County because it is an automobile agency in Ashtabula, Ohio, and Civil Rule 3(B)(2) requires that the action be brought in Ashtabula County. Further, the principal place of business of the co-defendant, General Motors, is not in Cuyahoga County but in Detroit, Michigan.

The plaintiff argues against the motion to transfer and maintains that when there are multiple defendants the plaintiff may bring the action where venue is proper as to any one defendant, and that because General Motors has appointed an agent to receive service of process in Cuyahoga County, Civil Rule 3 (B)(11) provides an available forum in this county against General Motors, and consequently, Civil Rule 3(E) makes Cuyahoga County the proper forum against defendant Callender. In other words, the plaintiff maintains that because venue is proper in Cuyahoga County as to the defendant, General Motors, under Civil Rule 3 (B)(11), it is a proper forum as to the remaining defendant, Callender, under Civil Rule 3(E).

Defendant, General Motors, filed a brief in opposition to the motion to transfer and agrees with plaintiffs' position and argues that venue is properly laid in Cuyahoga County, because General Motors maintains several places of business in this County and has appointed the CT Corporation as its statutory agent for service of process. Civil Rule 3(B)(11). Defendant, General Motors, also contends that because Cuyahoga County is the proper forum as to General Motors under Civil Rule 3(B)(11) it is the proper forum as to all parties in a multi-party suit under the provisions of Civil Rule 3(E), and since venue is properly laid for General Motors in Cuyahoga County, venue is proper for the co-defendant, Callender.

The trial court granted the motion to transfer the case from Cuyahoga County to Ashtabula County. The trial court found that the plaintiffs are residents of Ashtabula County, that the defendant, Callender, has its principal place of business in Ashtabula County, and that the defendant, General Motors, does not have its principal place of business in Cuyahoga County within the meaning and intent of Civil Rule 3(B)(2), and that the proper venue lies in Ashtabula County, the principal place of business of defendant, Callender, under Civil Rule 3(B)(2).

Plaintiffs filed a notice of appeal to this court and have assigned the following errors:

1. The court committed prejudicial error in granting a motion for a change of venue by one of the defendants when the action was properly venued as to the other defendant pursuant to Rule 3 of the Ohio Rules of Civil Procedure.

2. The court committed prejudicial error in not holding and determining that a summons and process may issue to a non-resident defendant when the action is properly venued as to the other defendant in an action where there are multiple defendants.

3. The court committed prejudicial error in ordering the transfer of this action to Ashtabula County upon the motion of only one defendant in a joint action against two defendants, especially where one of the defendants made no objection to the venue of the action.

The issues in this case will be determined by an interpretation of Civil Rules 3(B)(1) through (11), 3(C)(1) and 3(E), which are recited below.

C. R. 3(B) Venue: Where proper. Any action may be venued, commenced and decided in any court in any county. When applied to county and municipal courts "county" as used in this rule shall be construed where appropriate, as the territorial limits of those courts. Proper venue lies in any one or more of the following counties:

(1) The county in which the defendant resides;

(2) The county in which the defendant has his principal place of business;

(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

(4) A county in which a public officer maintains his principal office if suit is brought against him in his official capacity;

(5) A county in which the property, or any part thereof, is situated if the subject of the action is real property or tangible personal property;

(6) The county in which all or a part of the claim for relief arose; or, if the claim for relief arose upon a river, or other watercourse, or a road, which is the boundary of the state, or of two or more counties, in any county bordering on such river, watercourse, or road, and opposite to the place where the claim for relief arose;

(7) In actions described in Rule 4.3 (out-of-state service) in the county where plaintiff resides;

(8) In an action against an executor, administrator, guardian, or trustee, in the county in which he was appointed;

(9) In actions for divorce, annulment or for alimony in the county in which the plaintiff is and has been a resident for at least ninety days immediately preceding the filing of the complaint;

(10) If there is no available forum in subsections (1) through (9) of this subdivision, in the county in which plaintiff resides; has his principal place of business or regularly and systemically conducts business activity;

(11) If there is no available forum in subsections (1) through (10) of this subdivision:

(a) In a county in which defendant has property or debts owing to him subject to attachment or garnishment;

(b) In a county in which defendant has appointed an agent to receive service of process or wherein such agent has been appointed by operation of law.

C. R. 3(C) Change of venue.

(1) When an action has been commenced in a county other than stated to be proper in subdivision (B) of this rule, upon timely assertion of the defense of improper venue as provided in Rule 12, the court shall transfer the

action to a county stated to be proper in subdivision (B) of this rule.

C. R. 3(E) Venue: Multiple defendants and multiple claims for relief. In any action, brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue therein shall be proper, if the venue is proper as to any one party other than a nominal party, or as to any one claim for relief.

The purpose of Civil Rule 3(B) is to bring all the venue provisions into one place for ease of reference and to provide a forum that is both convenient for the purpose of the trial and fair to the defendant. Further, the provisions of Civil Rule 3(B) relating to venue are not jurisdictional. Civil Rule 3(G).

There are three issues that must be determined in this case. The first deals with the eleven possibilities of venue provided for in Civil Rule 3(B). We must first determine whether they are to be read in pari materia or whether this rule establishes priorities, wherein it must first be determined whether there is an available forum under Civil Rule 3(B) (1) through (9), and if there is an available forum under Civil Rule 3(B) (1) through (9), venue is proper and the action must be brought under that subsection. If there is no available forum under Civil Rule 3(B)(1) through (9), then Civil Rule 3(B)(10) is applied, and if there is no available forum in subsections Civil Rule 3(B) (1) through (10), Civil Rule 3(B)(11) is applied.

The answer to this question is obvious by a clear reading of the language of this rule. Civil Rule 3(B) establishes a system of priorities. The first nine provisions of 3(B) are alternatives, and each may be a proper basis for venue, but they do not have to be followed in any order. Plaintiff has a choice where the action will be brought if any of the counties specified in C. R. 3(B)(1) through (9) are a proper forum under the facts of the case. The tenth provision under Civil Rule 3(B)(10) is available only if none of the first nine is available, and the eleventh provision is only available if none of the first ten is available.

The second issue arises when there is more than one defendant. We must determine whether the plaintiff may shop for venue among the eleven possibilities under Civil Rule 3(B)(1) through (11) as to any one defendant, and if a proper forum is available, that becomes the forum as to the balance of the parties under Civil Rule 3(E); or, in the alternative, must the plaintiff first determine if venue lies against any one defendant under Civil Rule 3(B)(1) through (9), and if there is an available forum against any one defendant under Civil Rule 3(B)(1) through (9), that is the proper forum and becomes the proper forum as to all parties under Civil Rule 3(E).

Civil Rule 3(B) assigns priorities for the place of trial so that places that are the most convenient and fair are the proper places of trial and less convenient places may be utilized only if a better location is not available. Generally, the law favors suits in places where the defendant resides or has a close connection, or in places where the claim for relief arose or the subject of the action is located. Therefore, if there is an available forum under Civil Rule 3(B)(1) through (9) as to any one party, it then becomes the proper forum and only if there is not an available forum against any one party under Civil Rule 3(B)(1) through (9), may plaintiff look to Civil Rule 3(B)(10), and if there is still no available forum to Civil Rule 3(B)(11).

In other words, if there are multiple plaintiffs and/or multiple defendants and venue is proper as to any one or more of the parties in any county under Civil Rule 3(B)(1) through (9), that becomes the proper forum. A party must first look to Civil Rule 3(B)(1) through (9) and if venue is proper as to any one party it is proper as to all parties.

In the present case the trial court held that proper venue was in Ashtabula County under Civil Rule 3(B)(2) because defendant Callender's place of business is in Ashtabula County. The trial court also found that General Motors Corporation had appointed an agent to receive service of process in Cuyahoga County and venue is proper against General Motors under Civil Rule 3(B)(11). But

because there is an available forum against one of the defendants, namely, Callender, under Civil Rule 3(B)(2) in Ashtabula County this became the proper forum.

The trial court ruled properly. Under Civil Rule 3(B) (1) through (9) there is no available forum against General Motors, but there is an available forum regarding the defendant, Callender, under Civil Rule 3(B)(2) and therefore Ashtabula County is the proper forum for this case.

Further, because Civil Rule 3(B)(2) makes venue proper in Ashtabula County, against defendant, Callender, it is also proper against the defendant, General Motors, under Civil Rule 3(E). See Rules Advisory Committee Staff Notes.

Therefore, the trial court did not commit prejudicial error in granting defendant Callender's motion for a change of venue from Cuyahoga County to Ashtabula County.

There is no merit to plaintiffs' third contention that where there are multiple defendants the trial court cannot consider a motion to change venue unless all of the defendants join in the motion. The purpose of a motion to change venue is to make a determination as to proper venue, and this issue can be raised by any defendant. The purpose of Civil Rule 3(B)(1) through (11) is to obtain proper venue, and the purpose of the motion permitted by Civil Rule 12 (B)(3) is to determine if venue is proper. If any defendant timely objects to improper venue under Civil Rule 12 (B)(3) and venue is in fact improper, the court must transfer the action to the proper county. Civil Rule 3(C)(1). Also see Staff Notes.

*Judgment affirmed.*

MANOS, C. J., and DAY, J., concur.