LaMonica et al., Appellants, *v.* Outboard Marine
Corporation et al., Appellees.

(No. 7799—Decided February 25, 1976.)

*Mr. L. A. Seikel,* for appellants.
*Mr. Bradford M. Gearinger,* for appellee Outboard
Marine Corp.
*Mr. Edward H. Corbett,* for appellee Albert S. Kotti.

Victor, P. J. This appeal arose from a jury verdict in
favor of defendants Outboard Marine Corporation (herein-
after referred to as Outboard) and Albert S. Kotti, the ap-
pellees herein. On October 26, 1972, plaintiff John. S. La-
Monica, a minor, was struck in the eye by an unidentified
object while playing in Kotti's yard. At the time of the in-
jury, Kotti was operating his rotary lawn mower. This
rotary lawn mower, which Outboard manufactured in 1965,
was approximately 15 to 40 feet away from plaintiff when
the injury occurred. John lost the vision in his left eye as a
result of this injury.

Subsequently, John and his father, Joseph LaMonica,
Jr., filed a complaint against defendants. The complaint al-
leges that Kotti's negligent operation of the lawn mower re-

sulted in plaintiff's injury. It further alleges that Outboard manufactured a defective and dangerous instrumentality and that Outboard negligently designed and constructed the rotary lawn mower and failed to warn of the dangers inherent in the use of the mower. A trial was held and the jury returned a verdict for both defendants. A judgment was entered accordingly. Plaintiffs thereafter filed a motion for a new trial and a motion for a judgment notwithstanding the verdict. Plaintiffs appeal the overruling of these motions.

Plaintiffs contend that:

"1. The trial court erred in restricting testimony on the design of the mower to the state of the art of the lawn mower industry as it existed in 1966.

"2. The trial court erred in abstaining (sic) objection to any evidence concerning improvements which had actually been made in the lawnboy rotary lawn mower since 1966 and also other improvements that could have been made and demonstrated by the plaintiffs' expert."

Plaintiffs' assignments of error are interrelated and are considered collectively. Basically, plaintiffs contend that the trial court erred in not admitting evidence of changes in lawn mower design and standards which were made subsequent to the manufacturing of Kotti's lawn mower. The excluded evidence apparently consisted of the American Standard Safety Specifications for lawnmowers effective in 1972 and testimony of subsequent design changes in Outboard's lawn mowers. However, the record discloses that no attempt was made to offer any evidence of any subsequent design changes in Outboard's lawn mowers.

While it is true that evidence of changes in a product which are made subsequent to an occurrence are not admissible in a negligence action, the same is not true of an action based on strict liability in tort. See *Lolie* v. *Ohio Brass Company* (C. A. 7, 1974), 502 F. 2d 741; *Hoppe* v. *Midwest Conveyor Company* (C. A. 8, 1973), 485 F. 2d 1196; and *Sutkowski* v. *Universal Marion Corp.*, 5 Ill. App. 3d 313, 281 N. E. 2d 749.

In an action based upon strict liability in tort, evidence

of subsequent changes and changes in the "state of the art" are not admissible to show that the item is defective. However, such evidence is admissible for the limited purpose of showing that an alternative design was feasible at the time that the item was manufactured or sold. See *Sutkowski, supra.*

Since the Supreme Court's decision in *Lonzrick* v. *Republic Steel Corp.* (1966), 6 Ohio St. 2d 227, strict liability in tort is an available cause of action in Ohio. Plaintiffs properly pled a cause of action of strict liability in tort and were, therefore, entitled to have evidence of any subsequent changes admitted.

As previously noted, this excluded evidence could only be admitted to show the feasibility of alternative designs. The record indicates that plaintiffs' expert was permitted to show why he determined that the lawnmower was defective and that a safer alternative design to remedy those defects was feasible. Thus, we find that evidence of feasible alternatives was before the jury and the excluded evidence was merely cumulative in nature. Since this evidence was cumulative in nature, we determine that the trial court's exclusion of such evidence constituted harmless error.

*Judgment affirmed.*

BRENNEMAN and DOYLE, JJ., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.