BERARDUCCI, APPELLEE, *v.* STATE TEACHERS RETIREMENT SYSTEM, APPELLANT.

(No. 3356—Decided December 28, 1984.)

*Turner & May* and *Lawrence S. Turner,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Toba J. Feldman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Melissa A. Warheit,* urging reversal for *amici curiae* Public Employees Retirement System et al.

DAHLING, J. This is an appeal from a judgment of the Court of Common Pleas of Trumbull County, in which the court ordered that the defendant-appellant, State Teachers Retirement Board, receive and consider a proper application for disability retirement on behalf of the plaintiff-appellee, Anthony R. Berarducci, and that said application be considered as having been filed on or before such date that would qualify him to receive disability retirement benefits, if such be the judgment of the defendant, effective January 1, 1980.

The facts are not in dispute. Plaintiff was a superintendent in the Warren City School System and was a contributor to the State Teachers Retirement System. He retired on December 31, 1979. On April 9, 1981, he applied for disability benefits.

Prior to plaintiff's retirement, he had had by-pass surgery for his heart. At retirement he was sick and barely able to move around. He was pale, his skin had a sick greenish tinge, his speech was slurred and his walk was hesitant.

In spite of the above obvious indications that plaintiff should take disability benefits, he was given a straight retirement. When he learned he should have taken disability, he was told it was "too late."

The trial judge, Judge Shaker, in a well-reasoned opinion, stated as follows:

"Ohio Revised Code Section 3307. 42, in the opinion of the Court, is clear in that it states:

" 'Application for disability retirement must be made within two years from the date the member's contributing service terminated * * *.'

"It is the opinion of the Court that that section and plaintiff's Exhibit 3, which is an annual statement sent by the defendant to the plaintiff and which states: 'If *you* terminate Ohio service for nonmedical reasons, you have two years after your date of termination within which to apply for disability retirement,' form the basis for the Court's decision that the plaintiff was entitled to 'at least' apply for disability retirement. Whether that application is acted upon favorably is another matter. [Emphasis *sic.*]

"Nowhere in the brochures or communications from the defendant to the plaintiff, either prior to his taking retirement or subsequent thereto, is there any reference to a prohibition or ineligibility for an individual receiving service retirement benefits to apply for disability retirement benefits, excepting the two-year limitation. The interpretation made by the defendant in plaintiff's Exhibit 5 may indicate that to be the present policy of the State Teachers Retirement Board; but certainly that was not specifically indicated in the information provided in prior years and particularly in the years 1978, 1979, and 1980.

"The defendant's claim that there wasn't sufficient reference by the plaintiff as to his physical condition and recent open-heart surgery does not prevail in view of the evidence heard by the Court and the weight that the Court must place upon the same.

"In reviewing all of the evidence, the pamphlets and brochures, it is the opinion of the Court that the plaintiff qualified, under Ohio Revised Code Sec-

tion 3307.42, to make application for disability retirement; and his application therefor, having been made within two years from the date his contributing service terminated, should be accepted."

Assignment of Error No. I is as follows:

"The trial court erred in overruling defendant-appellant's motion to change venue."

The controlling authority is *Varketta* v. *General Motors Corp.* (1973), 34 Ohio App. 2d 1 [63 O.O.2d 8]. In addition, the case of *Fuller* v. *Fuller* (1972), 32 Ohio App. 2d 303, 306 [61 O.O.2d 400], provides:

"Civil Rule 3(B) expressly provides that proper venue lies in any county in which the venue requirments [sic] of any one of subsections (1) through (9) of Rule 3(B) apply. In other words, there may be more than one county in which there is proper venue of an action. Pursuant to Civil Rule 3(B)(1), proper venue lies, in all cases, in the county in which the defendant resides. * * *"

Further, Civ. R. 3(B)(3) and (6) provide for proper venue in:

"(3) A county in which the defendant conducted activity which gave rise to the claim for relief;

"* * *

"(6) The county in which all or part of the claim for relief arose * * *."

As was established, a representative of defendant travelled to Trumbull County regularly to give counselling to members. It was one of these counselling sessions that gave rise to Berarducci's claim that the defendant breached its fiduciary duty to adequately inform its members. This was in Trumbull County.

While *Varketta* dealt with the multiple-defendant issue, it did explain, at page 6, the relationship of the first nine provisions of Civ. R. 3(B):

"* * * The first nine provisions of 3(B) are alternatives, and each may be a proper basis for venue, but they do not have to be followed in any order. *Plaintiff* has a choice where the action will be brought if any of the counties specified in C.R. [sic] 3(B)(1) through (9) are a proper forum under the facts of the case. * * *" (Emphasis added.)

The Ohio Supreme Court has stated that "* * * [t]he first nine provisions of Civ. R. 3(B) are on an equal status and *any* court specified therein may be a proper and initial place of venue. * * *" (Emphasis added.) *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86, 89 [61 O.O.2d 335].

The court in *General Motors Acceptance Corp.* v. *Jacks* (M.C. 1971), 27 Ohio Misc. 115, 119 [56 O.O.2d 93], following the Staff Note to Civ. R. 3(B) and Judge (then Dean) McCormac's Ohio Civil Rules Practice (1970), Section 2.02, instructs plaintiffs as follows:

"The crucial fact to be gleaned from the above citations from both McCormac and the Staff Note on the new venue rules is that the plaintiff must first look to see whether venue may be had pursuant to the venue provision of Rule 3(B)(1) through (9). If so, the plaintiff is not restricted to one specific county under Rules 3(B)(1) through (9) but may choose the county in which he prefers to commence the action. * * *"

In consideration of the above, this assignment of error is overruled.

Assignment of Error No. II

"The trial court erred in granting judgment to plaintiff-appellee and ordering defendant-appellant to receive and consider plaintiff-appellee's application for disability retirement."

This assignment of error is basically answered by the considered opinion of Judge Shaker.

R.C. 3307.42 authorizes an age and service retirant of the State Teachers Retirement System to apply for disability retirement if application is made within two years of termination.

There is a statutory constructive directive that special provisions of

statutes control over general provisions. R.C. 1.51. Herein, the special legislation giving people two additional years after leaving membership must control over the general language that only members may apply for disability retirement. *State, ex rel. Myers,* v. *Chiaramonte* (1976), 46 Ohio St. 2d 230 [75 O.O.2d 283], at paragraph one of the syllabus. Additionally, the statement of defendant rejecting consideration of plaintiff's application for disability is a rule of the defendant and, as such, is subject to the procedures of R.C. 111.15 as required by R.C. 3307.42. See, *e.g., Manders* v. *Bd. of Trustees* (July 14, 1983), Franklin App. No. 80AP-229, unreported, at page 4, where the court ruled that:

"* * * Respondent's 'policy' could not be applied to relator because it had not been properly filed with the secretary of state and the director of the legislative service commission. * * *"

If only members could apply for disability benefits, as defendant claims, then the language of R.C. 3307.42, quoted above, would be a nullity. We construe the language as an exception to the general provision dealing with "members" and follow R.C. 1.51.

The view that one must be an active member, not one in retirement, is simply what defendant would like the law to be. For some reason they are pushing this point to deprive and shortchange the individuals for whom the program is established.

Plaintiff was sick when he retired. He had had a heart by-pass. He could hardly talk or walk. His skin was greenish-yellow. Plaintiff is not a malingerer. He is an honest, highly regarded member of the Trumbull County community. What really is the defendant attempting to accomplish by arguing that plaintiff does not have two years to pursue his claim. It was patently obvious when plaintiff retired on December 31, 1979 that he was a disabled individual.

This assignment of error is overruled.

Assignment of Error No. III

"The trial court erred in admitting into evidence, over the objection of defendant-appellant, printed material written after 1979, and upon which the court relied."

Defendant argues since the brochure was changed, the 1980 brochure should not have been admitted into evidence.

In *LaMonica* v. *Outboard Marine Corp.* (1976), 48 Ohio App. 2d 43 [2 O.O.3d 32], the court held that subsequent remedial measures are relevant, hence admissible, for the purpose of showing that alternative measures were feasible.

This assignment of error is overruled.

Assignment of Error No. IV

"The trial court erred in denying defendant-appellant's motion to stay judgment pending appeal."

This assignment of error does not affect the merits of the case. It is accordingly overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN, J., concurs.

COOK, P.J., dissents.

STILLMAN, J., retired, of Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

COOK, P.J., dissenting. I respectfully dissent from the majority opinion.

R.C. 3307.42 states in pertinent part:

"Application for disability retirement may be made by a member, or by a person acting in his behalf, or by the member's employer, provided the

member has at least five years of total service credit and has not attained age sixty. The application for disability retirement shall be made on a form approved by the state teachers retirement board. Any member whose application is approved shall be retired on the first day of the month next following the later of:

"* * *

"Application for disability retirement must be made within two years from the date the member's contributing service terminated, unless the disability has manifested itself in some degree as evidenced by medical records, before the member's contributing service was terminated."

Clearly, R.C. 3307.42 requires that an applicant for disability retirement be a member of the State Teachers Retirement System as of the time of application for disability retirement.

R.C. 3307.28, in pertinent part, provides:

"The membership of any person in the state teachers retirement system shall cease if he withdraws his accumulated contributions; *or if he retires as provided in section 3307.38 of the Revised Code;* or if he dies; or if the state teachers retirement board denies him membership pursuant to section 3307.27 of the Revised Code." (Emphasis added.)

In the instant ·cause, there is no dispute that Anthony R. Berarducci applied for and received age and service retirement pursuant to R.C. 3307.38, effective as of January 1, 1980. Therefore, after that date, pursuant to R.C. 3307.28, he was no longer a member of the State Teachers Retirement System. A year and a quarter later, when he applied for disability retirement, he was not a member of the retirement system.

I would reverse the judgment of the trial court and enter final judgment for appellant.