The following appeal arises from the decision of the Campbell Municipal Court granting default judgment to Michael A. Frangopolous, M.D., appellee. For the reasons set forth below, the decision of the trial court is reversed and this cause is remanded for further proceedings.
 I. FACTS
On April 26, 1996, appellee filed a complaint against Barbara Angelo, appellant, in the Youngstown Municipal Court. The basis of the complaint was an outstanding account for medical services rendered at 821 McCartney Road, Youngstown, Ohio 44505. Appellant filed an answer pro se to the complaint on August 1, 1996, after numerous attempts by appellee to obtain proper service. In her answer, appellant denied owing the sums demanded and concurrently indicated that a counterclaim would be filed in this matter. Included in the answer was a motion to transfer for lack of jurisdiction requesting the case be moved to the Girard Municipal Court as appellant resided within Girard corporation limits at that time. Although the transcript of proceedings from the Youngstown Municipal Court indicates that the motion to transfer was approved on August 2, 1996, the case was never transferred to the Girard Municipal Court. On the contrary, on August 29, 1996, counsel for appellee filed a letter with the Clerk of the Youngstown Municipal Court requesting the matter be transferred to the Campbell Municipal Court as appellee's office actually was within Campbell city limits. Attached to this letter were funds for the cost of transferring this matter to Campbell Municipal Court.
Based upon appellee's request, this case was transferred to Campbell Municipal Court on September 3, 1996. On October 10, 1996, appellant filed a motion to dismiss the complaint on the basis of a lack of jurisdiction and venue. Appellant alleged that she currently resided in Girard and as such, the forum of Campbell Municipal Court was inconvenient. Appellee responded to this motion by indicating that the claim for relief arose within the jurisdiction of the Campbell Municipal Court. Therefore, it was argued that the motion to dismiss should be overruled.
A hearing was scheduled to address appellant's motion on November 12, 1996. On the day of the hearing appellee appeared with counsel but appellant failed to appear. The record reflects that appellant telephoned the Clerk of Courts Office of the Campbell Municipal Court that same day indicating she could not appear due to a family emergency. In that no continuance was filed and appellee was present for the hearing, the judge conducted the proceedings in appellant's absence. The trial court decided to dismiss appellant's motion and held that the claim for relief arose within the court's jurisdiction. Additionally, the matter was scheduled for trial on December 13, 1996. Notice of the trial date was sent to all parties via regular U.S. mail service.
On December 13, 1996, appellee again appeared for the scheduled trial with counsel. Appellant again failed to appear. The record reflects that due to said failure to appear, appellee requested that the trial court grant default judgment in his favor. While the trial court granted default judgment the same day in favor of appellee, the record is void of any indication as to whether evidence or testimony was received regarding appellee's claim on the account. On December 23, 1996, appellant filed a motion to vacate the trial court's judgment on the grounds that she had not received adequate notice of the trial. Appellant alleged that she did not receive notice of the trial until after the trial had been concluded in that she had been caring for her daughter at her daughter's residence. It is further alleged that this information was conveyed to the court when appellant called advising of her inability to be present at the hearing, on the motion to dismiss. Additionally, appellant alleged that the court of competent jurisdiction was the Girard Municipal Court as the Youngstown Municipal Court had approved the motion to transfer originally filed by appellant. As such, appellant opined that the matter had been improperly transferred to Campbell.
In that the trial court had not ruled on the motion to vacate, appellant filed a timely notice of appeal with this court on January 10, 1997. Subsequently, the trial court held a hearing on the motion to vacate on February 25, 1997. It was the decision of the trial court to overrule said motion. As a result, appellant filed an amended notice of appeal on March 7, 1997.
Appellant sets forth five assignments of error on appeal. Due to the fact that assignments of error numbers one and three deal with the proper forum for this cause of action, they will be addressed together herein.
 II. ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED IN ENTERTAINING THE MATTER WHERE IT DID NOT HAVE JURISDICTION AND VENUE SINCE THE YOUNGSTOWN MUNICIPAL COURT APPROVED THE MOTION TO TRANSFER THE MATTER TO THE REGULAR DOCKET OF THE GIRARD MUNICIPAL COURT."
Appellant's third assignment of error reads:
 "THE TRIAL COURT'S ERRORS VIOLATED DEFENDANT'S RIGHT TO EQUAL ACCESS TO THE COURTS AS GUARANTEED BY THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant's arguments are predicated on the belief that the Campbell Municipal Court lacked jurisdiction of the subject matter as well as venue of the case and only the Girard Municipal Court had jurisdiction pursuant to the approval of the motion to transfer. Based upon this belief, appellant argues that her right of equal access to the courts and to present her case on its merits was denied as the matter was not determined in a court of competent jurisdiction.
 A. APPLICABLE LAW
Civ.R. 3(B) establishes where venue is proper. It reads in relevant part:
 "Any action may be venued, commenced, and decided in any court in any county. When applied to county and municipal courts, `county', as used in this rule, shall be construed, where appropriate, as the territorial limits of those courts. Proper venue lies in any one of the following counties:
(1) The county in which the defendant resides;
* * *
 (6) The county in which all or part of the claim for relief arose; * * *."
Venue is properly established when the plaintiff chooses a court in any county enumerated in the first nine provisions of Civ.R. 3(B). The provisions have equal standing and a plaintiff may choose among them with unfettered discretion. Morrison v.Steiner (1972), 32 Ohio St.2d 86, 89. The first nine provisions of Civ.R. 3(B) are therefore interchangeable and each may be the basis for venue. The plaintiff in a cause of action has a choice where to bring the action if any of the counties specified in Civ.R. 3(B) are a proper forum under the circumstances of the case. Varketta v. General Motors Corp. (1973), 34 Ohio App.2d 1,6.
With respect to Civ.R. 3(B)(6), which governs the cause of action herein, it has previously been determined that the place of making a contract is irrelevant to the issue of where a cause of action arises for breach. Grange Mut. Cas. Co. v. Thompson
(1990), 61 Ohio App.3d 190, 200. The controlling location is that of the breach itself. Id. In regards to venue on an issue of money due on a breach of contract, venue lies at the location where the money was to be paid. Soloman v. Excel Marketing, Inc.
(1996), 114 Ohio App.3d 20, 25. Absent an express agreement to the contrary, proper venue will be presumed to lie in the county in which the payee's place of business is located. Id. In the event an action is improperly venued, the case shall not be dismissed but rather should be transferred by the trial court to the county where venue lies. Terrell v. White (1995), 104 Ohio App.3d 789,791.
As to the issue of the jurisdiction of a municipal court, R.C.1901.17 establishes monetary jurisdiction as follows:
 "A municipal court shall have original jurisdiction only in those cases where the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, * * *"
Additionally, subject matter jurisdiction for municipal courts is established under R.C. 1901.18. This section of the statute grants original jurisdiction within its territory, subject to the restrictions in R.C. 1901.17, over all actions or proceedings for which the recovery of money or personal property is sought and which the common pleas court has jurisdiction.
 B. ANALYSIS
As the plaintiff, appellee had the unfettered discretion to bring his action in any of the multiple venues established under Civ.R. 3(B). Morrison, supra. Since the record does not possess any express agreement to the contrary, the jurisdiction in which appellee's office was located was a proper venue under Civ.R. 3(B)(6) as this was the location where the account was to be paid. Soloman, supra. The record does reflect that appellee's office was located within Campbell city limits. Therefore, venue was proper in the Campbell Municipal Court at appellee's discretion. In addition, Campbell Municipal Court had jurisdiction over the action as the claim for relief occurred within its territory and the account did not exceed the monetary jurisdiction of the court. Since venue and jurisdiction were proper, appellant was not denied equal access to the courts. On the contrary, she was simply required to present her case in the appropriate jurisdiction and venue albeit not the venue of her choice.
While it does appear from the record that Youngstown Municipal Court did approve appellant's request to transfer the case to Girard Municipal Court, this approval is only note on the transcript of proceedings. The record does not include any entry from the court formally transferring the case or notifying appellee thereof. In fact, when appellee forwarded his request to the Youngstown Municipal Court for a transfer to Campbell Municipal Court, no steps had been taken regarding the initial approval. In that a court speaks only through its entry, the Youngstown Municipal Court maintained the ability to subsequently transfer the case to Campbell upon appellee's request. After all, it is the plaintiff in a cause of action which has the discretion to choose amongst proper venues. Varketta, supra.
For the foregoing reasons, it cannot be held that the Youngstown Municipal Court erred in transferring the case to Campbell Municipal Court. Therefore, appellant's first and third assignments of error are without merit.
 III. ASSIGNMENTS OF ERROR NUMBERS TWO AND FOUR
Due to the related nature of assignments of error numbers two and four, they will also be considered together herein.
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED IN GRANTING AN ORAL MOTION FOR DEFAULT WHERE AN ANSWER HAD BEEN FILED AND OTHER MOTIONS HAD BEEN FILED WHICH ILLUSTRATE THAT A DEFENSE HAD, IN FACT, BEEN LODGED."
Appellant's fourth assignment of error reads:
 "THE TRIAL COURT'S ERRORS VIOLATED DEFENDANT'S RIGHTS TO THE DUE PROCESS AND EQUAL PROTECTION OF THE LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
Appellant next asserts that the Campbell Municipal Court's grant of default judgment was contrary to law. Appellant first argues that the court failed to meet the requisite determination that she had failed to plead or otherwise defend before it granted the default judgment motion. Additionally, appellant asserts that even if such a determination had been made, Civ.R. 55(A) requires that seven days notice be provided to the party against whom default judgment is to be granted. These errors taken cumulatively are argued to have resulted in a denial of the opportunity to be heard and to present available defenses which in effect resulted in a denial of both her due process and equal protection rights.
 A. APPLICABLE LAW
Default judgment is provided for in Civ.R. 55(A) which states in relevant part:
 "When a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *." (Emphasis added.)
As the rule indicates, default judgement is only appropriate in those instances in which a defendant has failed to timely plead or otherwise defend in response to an affirmative pleading. OhioValley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn. (1986),28 Ohio St.3d 118, 121, citing McCabe v. Tom (1929), 35 Ohio App. 73. In the event a defendant has properly pled, the remedy of default judgment is inappropriate and thus not available. As the Ohio Supreme Court stated in Ohio Valley Radiology Assoc., Inc.,supra:
 "We therefore hold that when a party who has filed a responsive pleading to a pleading seeking affirmative relief fails to appear for trial, no default within the meaning of Civ.R. 55(A) occurs, and the trial court is not required to give seven days' notice to the absent party before allowing the party seeking relief to proceed with an ex parte trial." Id. at 123.
In reaching its decision, the Court further reasoned:
 "The proper action for the court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof." Id. at 122. (Emphasis added).
 B. ANALYSIS
Initially, this court must note that the judgment entered by the trial court in appellant's absence on the date scheduled for trial cannot be considered a default judgment pursuant to Civ.R. 55 even though the trial court incorrectly referred to it as such. As noted previously, appellant filed a responsive pleading to appellee's original complaint. Thus, she has properly pled as related to appellee's claim for relief.
In that a responsive pleading was filed by appellant but she did not appear at the scheduled trial date, the trial court could have disposed of this action via an ex parte trial rather than by default judgment. Id. However, as the Ohio Supreme Court clearly indicated, such a trial requires the plaintiff (appellee in the case herein) to provide affirmative proof of the essential elements of the claim. A review of the record reveals that it is devoid of any evidence or testimony as to the elements of appellee's claim.
The trial court's entry disposing of this claim simply states "[d]efault judgment granted in the amount of #329.50 (sic) + interest @ 10% from 12/13/96 + costs." No indication is made as to whether the trial court received anything in the way of support for appellee's claim at the time in which the matter came for trial in appellant's absence. Similarly, the transcript of proceedings for this case merely states that plaintiff appeared in court, defendant failed to appear and upon plaintiff's motion, default judgment was to be granted. Absent some showing that appellant presented affirmative proof regarding the elements of its claim, the trial court cannot be viewed as having held the proper ex parte proceedings.
In that default judgment was inappropriate and the trial court did not comply with the dictates the Ohio Supreme Court set forth in Ohio Valley Radiology Assoc., Inc., this court is compelled to reverse the trial court's decision and remand this matter to the Campbell Municipal Court for a trial on the merits of appellee's complaint. Since this matter has been disposed of on other grounds, we will defer consideration of the constitutional issues raised by appellant. Hal Artz Lincoln-Mercury, Inc. v. Ford MotorCo. (1986), 28 Ohio St.3d 20.
For the foregoing reasons, appellant's second assignment of error has merit.
 IV. ASSIGNMENT OF ERROR NUMBER FIVE
Appellant's fifth assignment of error reads:
 "THE TRIAL COURT ERRED IN CONDUCTING AND RULING ON THE MOTION TO VACATE BECAUSE IT DID NOT HAVE THE JURISDICTION TO DO SO AFTER THE FILING OF THE FIRST NOTICE OF APPEAL."
Appellant argues under this assignment that the municipal court was divested of its ability to address the motion to vacate once an appeal was filed to this court. In the alternative, it is asserted that the motion to vacate should have been granted on the grounds that no notice was provided regarding the application for default judgment.
Under App.R. 12(A)(1)(c), an appellate court need not address assignments of error which are rendered moot by the court's determination of other assignments of error. In that this court has found under assignment of error number two that the trial court improperly granted default judgment, appellants proposition under her fifth assignment of error is rendered moot. As such, it will not be addressed herein.
For the foregoing reasons, the decision of the trial court is reversed and this cause is remanded to the trial court for a trial as related to appellee's original cause of action.
Cox, P.J., concurs.
Waite, J., concurs.
APPROVED:
 __________________________________ JOSEPH J. VUKOVICH, JUDGE