OPINION
{¶ 1} Appellant Richard Grimes appeals the decision of the Canton Municipal Court, Stark County, that granted Appellee Motorists Mutual Insurance Company's ("Motorists") and Appellee Nationwide Insurance Company's ("Nationwide") motions for summary judgment and denied his motion for summary judgment. The following facts give rise to this appeal.
 {¶ 2} On August 26, 2001, appellant was involved in an automobile accident with Donald Sturms. At the time of the accident, appellant was insured by Nationwide and Sturms was insured by Motorists. As a result of the accident, appellant filed an action against Sturms in the Common Pleas Court of Jefferson County. In connection with that litigation, appellant presented medical bills totaling $3,942.00, which Nationwide paid under the medical payments coverage portion of its policy.
 {¶ 3} Nationwide's policy contained a provision for subrogation which required appellant to reimburse Nationwide, out of any settlement or judgment, for amounts paid under the medical payments portion of the policy. Also, five days after the accident, Nationwide notified appellant of this right.
 {¶ 4} Thereafter, appellant settled his claims with Sturms in the amount of $9,000.00. As part of the settlement agreement, appellant executed a release. After appellant signed the settlement agreement, a dispute arose as to whether Motorists could pay appellant using two checks, one of which would also be payable to Nationwide. Ultimately, Motorists tendered separate checks to appellant's counsel. Motorists issued one check payable to appellant and Nationwide, in the amount of Nationwide's claim. Motorists made the second check payable to appellant and his counsel for the balance.
 {¶ 5} Subsequently, appellant and Sturms each filed motions to enforce the settlement agreement. The Jefferson County Court of Common Pleas conducted a hearing. The court determined that Motorists was required to write a single check and should not include Nationwide's name on the check. The court also determined appellant was responsible for paying Nationwide's subrogation claim and any other subrogee claims out of the settlement proceeds.
 {¶ 6} Despite the trial court's judgment entry, appellant never paid Nationwide and instead, spent the proceeds from the settlement. Ultimately, Motorists filed an action against appellant, in the Canton Municipal Court, to enforce his promise to reimburse Nationwide out of the settlement proceeds. Motorists also added Nationwide as a defendant. Nationwide filed claims against Motorists and appellant to recover its subrogation interest.
 {¶ 7} Appellant, Nationwide and Motorists each filed motions for summary judgment. On April 23, 2003, the trial court issued its judgment entry granting Motorists' and Nationwide's motions for summary judgment and denying appellant's motion for summary judgment. The trial court concluded, among other issues, that appellant breached the subrogation provision of the settlement agreement. Judgment Entry, Apr. 23, 2003, at 6. The trial court entered judgment in favor of Motorists and Nationwide, for $3,942.00, with interest to accrue at the legal rate. Id. at 9. The trial court also granted Motorists request for attorney's fees and scheduled an evidentiary hearing on the matter. Id.
 {¶ 8} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 9} "I. Motorists' claims were barred by the doctrine of res judicata.
 {¶ 10} "II. Motorists had no standing to sue in the canton municipal court.
 {¶ 11} "III. The canton municipal court lacked venue.
 {¶ 12} "IV. The municipal court lacked subject matter Jurisdiction.
 {¶ 13} "V. Motorists' attorney's fees are not recoverable.
 {¶ 14} "VI. Grimes's attorney's fees should be deducted from any amount which grimes owes to nationwide on its subrogation claim.
 {¶ 15} "VII. Nationwide failed to prove that the medical expenses paid by nationwide were reasonable, necessary and the proximate result of the accident.
 {¶ 16} "VIII. `Double recovery' is a prerequisite to nationwide's reimbursement."
 "Summary Judgment Standard {¶ 17} "Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 18} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 19} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 20} It is based upon this standard that we review appellant's assignments of error.
 III {¶ 21} We will address appellant's Third Assignment of Error first as we find it dispositive of this matter on appeal. Appellant maintains, under this assignment of error, the Canton Municipal Court lacked venue. We agree.
 {¶ 22} In support of this argument, appellant contends Stark County is not the proper venue for this matter because he does not reside, have any business or conduct any activity in Stark County. Instead, appellant contends proper venue is in Jefferson County because that is where he litigated the underlying case, signed the release and received the settlement proceeds.
 {¶ 23} "[V]enue connotes the locality where the suit should be heard." Morrison v. Steiner (1972), 32 Ohio St.2d 86, 87. "Venue is proper when the plaintiff chooses a court located in any county described in the first nine provisions of Civ.R. 3(B)." Soloman v. Excel Marketing, Inc. (1996),114 Ohio App.3d 20, 25. Civ.R. 3(B) sets forth the elements for establishing venue. This rule provides, in pertinent part, as follows:
 {¶ 24} "(1) The county in which the defendant resides;
 {¶ 25} "(2) The county in which the defendant has his or her principal place of business;
 {¶ 26} "(3) A county in which the defendant conducted activity that gave rise to the claim for relief;
 "* * * {¶ 27} "(5) A county in which the property, or any part of the property, is situated if the subject of the action is real property or tangible personal property;
 {¶ 28} "(6) The county in which all or part of the claim for relief arose; * * *;
 "* * *" {¶ 29} Plaintiff has a choice where the action will be brought if any of the counties specified in [Civ.R.]3(B)(1) through (9) are a proper forum under the facts of the case."Soloman, supra, at 25, citing Varketta v. Gen. Motors Corp.
(1973), 34 Ohio App.2d 1, 6. Motorists filed this breach of contract action, for failure to pay money due, in Stark County. In its complaint, Motorists claims venue is proper, in Stark County, under Civ.R. 3(B)(6), because payment was due Nationwide at its office in Canton, Stark County. See paragraph four of Motorists' complaint.
 {¶ 30} As a general rule, absent an express agreement to the contrary, proper venue is presumed to lie in the county in which the payee's place of business is located. Williams v. Jarvis
(Aug. 26, 1999), Cuyahoga App. No. 74580, at 3, citing Soloman
at 26. This rule is premised upon Civ.R. 3(B)(6). Soloman at 25. In Thompson v. G D Transport, Inc. (Aug. 22, 1989), Gallia App. No. 88-CA-12, the Fourth District Court of Appeals addressed the issue of venue in the context of failing to pay money owed. The court stated as follows:
 {¶ 31} "A number of other jurisdictions have held that venue for an action for breach of contract is proper at the location of that breach. [Citations omitted.] Furthermore, these jurisdictions hold that in an action for breach of contract, the payment of money is required at the residence of the payee, and that venue is proper at the payee's county of residence.
 {¶ 32} "A cause of action on a contract accrues and venue is proper in the county where performance is required. [Citations.] Where the default involves failure to pay money and no place of payment is expressly agreed upon, it is generally implied that payment is to be made in the county where the payee resides. [Citations.] * * *
 {¶ 33} "In addressing the issue of venue the Federal District Court in South Carolina stated:
 {¶ 34} "The general rule is that place of payment of a debt, or contractual obligation, absent clear agreement to the contrary is the residence or headquarters of the creditor. * * * Id. at 4, citing Deering Milliken Research Corp. v. Textured Fibres, Inc. (D.S.C. 1970), 310 F. Supp. 491, 500.
 {¶ 35} During oral argument, it was represented to the court that Motorists' headquarters is located in Columbus. Accordingly, because the settlement agreement does not indicate an agreed upon place of payment, Franklin County, the location of Motorists' headquarters, is the proper location for venue. Jefferson County would also be a proper location for venue. Accordingly, the trial court erred when it determined venue was proper in Stark County.
 {¶ 36} Appellant's Third Assignment of Error is sustained. We will not address appellant's First, Second, Fourth, Fifth, Sixth, Seventh or Eighth Assignments of Error as these are moot based upon our disposition of appellant's Third Assignment of Error.
 {¶ 37} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby reversed.
Farmer, J., and Edwards, J., concur.